MONROE, C. J.
Plaintiff alleges that he was a candidate for the nomination to the office of marshal of the town of Kenner, in the Democratic primary election held in that *428 town on March 14, 1916, and that according to the returns, as promulgated by the Democratic municipal committee, he received 57 and his opponent 59 votes, but that, by reason of the facts that certain legally qualified electors, whom he names and who would have voted for him, were denied the right to vote, and certain persons, who were not entitled to vote, were allowed to do so, and voted for the defendant, and because of certain other matters, which he specifies, and with respect to which he alleges that the law was disregarded, the return of the committee deprives him of the nomination. Wherefore he prays that defendant be cited, and after due proceedings that he be decreed to be the legally selected Democratic nominee for said office. The district court maintained an exception of prescription and dismissed the suit, and plaintiff appealed to the Court of Appeal, for the reason that the petition alleges that the office in controversy is worth $1,500. The Court of Appeal' reversed the judgment appealed from and remanded the case, and, the day appointed for the election (April 18) having 'in the meanwhile arrived and the election having been held, defendant filed a further pleading in which he alleges (quoting in part) as follows:
“That plaintiff’s petition shows that it now discloses no cause of action * * * and [defendant] pleads the peremptory exception of no cause of action; * * * that this cause is now moot, and should be dismissed for the reason that on April 18, 1916, an election was held * * * by which respondent was elected, as an independent, to the office here in contest by the following vote:
E. S. Lochbaum, Democrat............35
E. S. Lochbaum, Independent..........55
“Further answering, in the alternative, respondent avers that Act 198, § 6, of 1912, does not apply herein, and, so far as it affects respondent’s rights to the office here in contest, is null, void, and unconstitutional, for the reason that it violates articles 1, 2, 15, 202, 210, and 212 of the Constitution of the state, * * * and that, if it is attempted to apply to the general election, it is also unconstitutional, null, and void, as being in violation of Act 152 of 1898, sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, and Act 243 of 1914, and Revised Statutes, §§ 1419, 1430, and Act 106 of 1892; that the act of 1912 aforesaid does not amend the said statutes and, as expressing more than one object in its title, so far as declaring- respondent’s title to the office herein is a nullity, is null and void; * * * that the said statute deprives respondent of his property without due process of law, is a deprivation of the equal protection of -the laws to petitioner (respondent), is an ex post facto law and a bill of attainder, and is therefore in violation of article 1, § 9, of the Constitution of the United States and of section 1 of the Fourteenth Amendment.”
The case was dismissed, in the district court, by a judgment reading as follows:
“When, after hearing the evidence and argument of counsel herein, on the peremptory exception, it is ordered that the peremptory exception herein filed be maintained.”
It was conceded, upon the argument in this court, that in order to arrive at the conclusion expressed in his judgment the judge a quo sustained defendant’s attach upon the constitutionality (in its application to this case) of the following provision of section 6 of Act 198 of 1912, to wit:
“If from any cause a final judgment is not obtained before the date of * * * the general election and the final decision of the court should be that the contestant’s name should have appeared upon the ticket in such * * * election, whereas the eontestee’s appeared in fact, then in that event the. subsequent nomination and election of such contestee shall be treated as a nullity.”
And, hence, the present appeal to this court.
[1-6] The contention of the appellee is stated by his counsel, in the brief herein filed, as follows:
“(1) One who has been nominated on the Democratic ticket can be validly elected to an office as an Independent by the elector writing his name on the ballots.
“(2) When the general election occurs during the trial of an election contest, and the contestee is elected to the office at that election, the trial falls as a moot case.
“(3) That portion of section 6 of Act 198 of 1912 which annuls the general election where a primary election contest is pending, and where the contestee has not been declared the nominee in the contest, although he has been elected to the office, is unconstitutional, as being an unwarranted interference with the right to hold office and with the right of the elector to vote for whom he may please.”
*430 All of the authorities to which the counsel refer concede to the General Assembly the power to prescribe an official ballot, the power to prescribe the manner in which elections shall be conducted is denied by no one, and, if an election is not conducted in the maimer so prescribed, including the use of the official ballot, it is no election, within the contemplation of the law. The official ballot is, however, made official by its conformity to the requirements of the law, which includes the placing thereon of the names of the candidates selected according •to law; and where a name has been placed thereon which has not been so selected, the sanction declared by the law is the nullity of the attempted nomination and following election. It is no doubt true, under our law, that where a name has been properly and legally placed on the ballot an elector may vote for the bearer, without committing himself to the party under whose emblem the name appears; and we have held that, though a name is not placed upon the ballot under any emblem, an elector may vote for the bearer, by writing the name himself. But where, as in this case, it is contended that a name has been placed upon the official ballot in defiance and disregard of the law, the penalty denounced is the nullity of the pretended nomination and subsequent election; and, unless that penalty can 'be enforced, the scheme of nominating by primary ■ elections is an utter abortion.
As the law requires that cases of this character shall be decided within 24 hours, we find ourselves unable to discuss in detail the various points suggested by appellee’s counsel, but our consideration of them has been sufficient to satisfy us that they are not well founded, and that the provision of Act 198 of 1912, which he attacks, is not obnoxious to the objections of unconstitutional!ty which are leveled against it, and our conclusion is that the exception was improperly sustained, and that the case should be heard and decided on its merits.
It is therefore ordered that the judgment appealed from be annulled, and that this case be remanded to be proceeded with according to law and to the views hereinabove expressed; the costs of the appeal to be paid by the appellee, and those of the district court to await the final judgment.
See dissenting opinion of PROVOSTY, J„ 71 South. 729.