168 So. 96
KELLY et al. v. RAPIDES PARISH POLICE JURY.
No. 33322.

March 30, 1936.

Rehearing Denied April 27, 1936.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

A. V. Hundley, Dist. Atty., and B. F. Thompson, Jr., Asst. Dist. Atty., both of Alexandria, for appellee.

ODOM, Justice.

The police jury of Rapides parish, by ordinance adopted on November 30, 1934, called a special election to be held in wards 9 and 10 of that parish to take the sense of the qualified voters of those two wards on two separate and distinct propositions: First, whether spirituous liquors of an alcoholic content greater than 3.2 per cent.

and less than 6 per cent. by volume should be sold therein; and, second, whether spirituous liquors of an alcoholic content greater than 6 per cent. by volume should be sold in those wards.

The election was held on December 31, 1934. According to the returns made to the police jury by the commissioners appointed to hold the election, a majority of those voting in each ward were opposed to the sale of alcoholic liquors, whether falling within the first or second classification above mentioned. In other words, both propositions were carried in favor of prohibition.

These plaintiffs are citizens of those two wards of Rapides parish and are therein engaged in the business of selling intoxicating liquors. They brought this suit to set aside the election and its results on various grounds. The trial judge ruled that the election was null, void, and of no effect in so far as the first proposition was concerned, but held that it was legal and valid as to the second. Plaintiffs appealed.

As to the first proposition the judgment is correct. The reason is that Act No. 15, Regular Session of 1934, which provides in section 25 for local option elections in wards of a parish, relates only to such liquors as contain more than 6 per cent. of alcohol by volume. Under that act police juries may order and hold local option elections for an entire parish or for only one or more of the wards of the parish, and if a majority of the votes cast at such election be against permitting the sale of intoxicating liquors within such parish, ward, or wards "then said vote shall con-

trol the action of any ward, city or town, within the limits of the said parish or ward."

This was the only statute in effect at the time this election was called authorizing local option elections in the various wards of a parish and, as we have said, that statute has reference only to such liquors as contain more than 6 per cent. of alcohol by volume.

There was, however, a statute in effect at that time authorizing police juries to call and hold local option elections to take the sense of the electors touching the question whether beverages containing less than 6 per cent. of alcohol by volume might be sold. That statute is Act No. 2, Extra Session of 1933. But that act does not authorize police juries to call and hold such elections in the different wards of a parish. The local option provision of that act is contained in section 23, which reads as follows:

"Provided that if any *parish or municipality,* at an election held for the purpose under the election laws of the State, shall, by a majority of vote of its duly qualified electors, determine that the business of producing or manufacturing, or of handling, selling, using, distributing or consuming such beer, porter, ale, fruit juices, or wine in such *parish or municipality* shall not be licensed or permitted therein, such business shall not be therein allowed, nor shall this Act be construed as permitting the same." (Italics are ours.)

As police juries have only delegated powers, it is clear that the local option election held in wards 9 and 10 of Rapides parish was void in so far as it related to liquors containing less than 6 per cent. of alcohol by volume.

█ Counsel for plaintiffs argue that the election was void as to the second proposition also. They concede that police juries are authorized by Act No. 15, Regular Session of 1934, to call and hold local option elections in the various wards of the parish relating to liquors containing more than 6 per cent. of alcohol by volume. But the legality of the election on this proposition is assailed mainly on the alleged ground that the police jury by ordinance attempted to, and in effect did, merge two wards of the parish into one local subdivision and that the election was held for the two wards as one subdivision or unit of the parish.

We think this attack and the argument in support of it are without merit. Of course, police juries have no authority to create special subdivisions of a parish by merging or combining wards. It is optional with police juries as to whether such elections be held for the entire parish or in one or more of the local subdivisions of the parish, but the local subdivisions mentioned by the act are the wards of the parish, and police juries are not authorized to create or recognize any others.

In this case the police jury adopted one ordinance which provided that "there is hereby ordered an election on the 31st day of December, 1934, *in Wards Nine (9) and Ten (10) of* the Parish of Rapides for the purpose of taking the sense of the *voters of said wards* as to whether or not there shall be permitted to be possessed for sale or sold any alcoholic or spirituous liquors

* * * in said wards." Ward 9 has eight voting precincts and ward 10 has three. In the ordinance calling the election the police jury appointed three commissioners, one clerk, and a deputy sheriff for each precinct in each of the wards to conduct it. The election was held at each of the precincts in the wards and the election officials made returns to the police jury as directed by the ordinance. The returns showed the number of votes cast in each precinct for and against each of the propositions. The police jury opened the ballot boxes, counted the ballots for and against and checked them with the returns, and found that they corresponded. The result of the election as promulgated by ordinance showed that the combined vote of the two wards was 389 for the sale of liquors of an alcoholic content greater than 6 per cent. by volume and 711 against. The ordinance did not show the number of votes for and against in the wards separately, but only the total for and against in the two wards.

The basis of counsel's argument that the police jury intended to, and did in effect, merge the two wards into one local subdivision or unit for the purpose of the election, is that the election was ordered by a single ordinance to be held in each of the wards on the same day, and that it was not specified in the ordinance promulgating the results the number of votes cast for and against in each of the wards, and that apparently the votes in the two were cumulated.

We do not concur in counsel's view. Under the local option laws police juries may

order and hold elections for the entire parish as a unit or for any one or more of the wards of the parish. If the election is parish-wide, the aggregate of the votes cast in all the wards for or against controls each of the wards regardless of the results in the various wards separately. If, however, the election is not parish-wide but is held in only specified wards, each of the wards named is a separate subdivision or unit and each subdivision or unit determines for itself whether prohibition is to prevail in that subdivision or whether intoxicants are to be sold within its own limits.

When a police jury deems it advisable to order an election, not parish-wide, but in more than one ward of the parish at the same time, there is no reason why it should adopt a separate ordinance for each ward. It may adopt one ordinance calling an election to be held in the various wards on the same day, and merely because it does so the ordinance cannot reasonably be construed to mean that the police jury intended to do that which it has no authority to do, that is, to merge the various wards, although adjacent, into a single subdivision or unit of the parish for the purpose of the election. On the contrary, a reasonable construction of such an ordinance is that the police jury intended to do just what the law authorized it to do, that is, to order an election to be held in each of the wards separately so that each ward named might determine for itself the proposition submitted, and that is our construction of this ordinance. In fact, that is what the ordinance says.

The ordinance promulgating the results of the election recites that the police jury,

all members being present, canvassed the returns made by the commissioners, opened the ballot boxes, counted the ballots and checked them with returns, and found that a majority of the votes were "against the issuance of licenses for the sale of intoxicating liquors within the territorial limits of Wards Nine and Ten after February 1, 1935." It is not shown by the ordinance how many votes were cast for and against the proposition in each of the wards. It is not argued by counsel that the promulgation of the results was invalid for that reason. But they say that the fact that the ordinance does not so specify shows that the police jury intended to merge the two wards into a single unit. We cannot lend our sanction to that view.

Counsel for appellants say that prohibition votes in one of the wards could not be used to offset anti-prohibition votes in the other, or vice versa. That is unquestionably true, and for that reason counsel for the police jury proved at the trial that a majority in each ward were in favor of prohibition.

██ The next attack made by plaintiffs is that the police jury "separated the kinds of alcoholic beverages into two classes, one of them having an alcoholic content of 6% and over and the other having a content under 6%, although the petitioners made no request for such separate handling."

More than 33⅓ per cent. of the electors of each of the wards, separately, petitioned the police jury to call an election "for the purpose of voting on the granting or withholding of permits or licenses for the sale or disposition of beer, wine and other intoxicating liquors." It is argued that inasmuch as the petitioners did not ask that the two propositions be submitted separately, the police jury exceeded its authority in doing so.

Counsel are in error. Section 25, Act No. 15 of 1934, provides that, "Whenever it is deemed advisable in the judgment of said governing authorities [police juries and municipalities], an election on the question of granting or withholding permits for the sale or disposition of intoxicating liquor shall be had," and section 24 of that act says that nothing in the act shall be construed "to take away or limit the police powers of the various subdivisions of the State in the regulation of the business of manufacturing, wholesaling, retailing and dealing in any such malt, vinous, spirituous, alcoholic or intoxicating liquor." Therefore police juries and municipalities have absolute and unrestricted authority to call such local option elections as they may "deem advisable." Such authority is granted as a "police power" and is unrestricted. However, section 25 of the act makes it the mandatory duty of the governing authorities to call such elections when petitioned to do so by 33⅓ per cent. of the qualified electors of the subdivision affected; that is, the electors may compel the governing authorities to call an election "for the purpose aforesaid," that is, for the purpose of determining whether permits or licenses shall be granted for the sale, etc., of intoxicating liquor. This does not mean that the electors may by petition restrict or enlarge the powers of such governing authorities to submit to the electors

such propositions as they see fit touching the question of the sale or the prohibition of the sale of intoxicating liquors generally. That power and authority is vested in the governing authorities and not in the petitioners. Whether a local option election is called voluntarily or through compulsion, the question as to what kinds, or whether one or more than one proposition is to be submitted, is one solely within the discretion of the governing authority calling the election.

■ In this instance it is conceded that inasmuch as the election was called for certain wards of the parish, the police jury exceeded its authority when it submitted the first of the two above stated propositions for the reasons already explained. It is argued that the ordinance calling the election is invalid because it submitted two propositions, one of which was not authorized, and further that even if it be held that the ordinance was valid, the results of the election on the second proposition should be discarded because the submission of the two propositions on the same ballot was confusing to the voters.

It is not denied that the police jury was authorized to submit the second proposition. The ordinance and the ballots, copies of which are in the record, show that the two propositions were submitted separately. The ordinance calling the election provides for an election to take the sense of the voters "as to whether or not there shall be permitted to be possessed for sale or sold any alcoholic or spirituous liquors of a content greater than 3.2% and less than 6% by volume, *and further whether there shall*

*be possessed for sale or sold, in said wards, any alcoholic or spirituous liquor of an alcoholic content greater than 6%."* (Italics ours.)

The ballots were printed and set out each of the propositions clearly stated "for" and "against," blocked off separately, and opposite each was left a blank space in which the voter might indicate his choice "for" or "against."

The ordinance calling the election clearly and specifically states the second proposition and is not invalid merely because there was also submitted a proposition not authorized by law. Each of the propositions being separately and clearly stated on the ballots, there was nothing to confuse or mislead the voters.

■ Finally, it is urged that the ballots used did not meet the requirements of the law in the following particulars: "(a) The words 'Official Ballot' were not printed on the back thereof; (b) no polling places were designated on the ballots; (c) there was no date on the ballots; and (d) the facsimile signature of the president of the Police Jury did not appear on the back of the ballots."

Act No. 15 of 1934, the local option law under which this election was held, does not prescribe the form of the ballot to be used in such elections. It says in section 25 that whenever the governing authorities of the parishes and municipalities deem it advisable an election on the question of granting or withholding permits for the sale or disposition of intoxicating liquors shall be had, and that whenever an election has been

held and a majority of the votes cast is against the sale, etc., of such liquors, then the vote is controlling. It is not stated that the election is to be conducted under the general election laws of the state or under the laws relating to primaries. The act in its title speaks of "a majority of those duly qualified electors voting at an election," and in section 25 of "qualified electors." That means that none but those who are qualified to vote under the general election laws of the state may participate in such elections. Further than that, the act is silent as to the rules which are to govern the conduct of these elections. It is not suggested that any but qualified electors participated in this one, nor is it contended that any fraud was intended or practiced.

In contests over local option elections, courts assume jurisdiction only to the extent of deciding whether the proper legal machinery was set in motion and carried through by local governing authorities to ascertain the will of the duly qualified electors. Further than this they do not go. Darbonne v. Village of Oberlin, 121 La. 641, 46 So. 679; Hagens v. Police Jury, 121 La. 634, 46 So. 676.

It must be conceded that the Legislature had authority· to prescribe a form of ballot to be used in such elections, and if it had done so and that form had not been used, the holding in Maggiore v. Lochbaum, 139 La. 425, 71 So. 727; Hart v. Picou, 147 La. 1017, 86 So. 479, and Vidrine v. Eldred, 153 La. 779, 96 So. 566, cited by appellants, would be controlling. But those cases find no application here because the Legislature has prescribed no form of bal-

lot to be used in local option elections, whereas it has done so in other elections.

For the reasons assigned the judgment appealed from is affirmed.

O'NIELL, C. J., absent.