ÓDÓM, Justice.'
 

 By ordinance adopted February 2, 1937, the Police Jury of Webster Parish called a local option election to be held in ward 3 of that parish to take the sense of the qualified electors therein on the question “whether or not the business of selling alcoholic and intoxicating liquors should be licensed or permitted.”
 

 The specific proposition submitted to the electors was printed on the ballot, which was in the following form:
 

 “1: For licensing and permitting ' the business of selling alcoholic and intoxicating liquors.
 

 “2:
 
 Against licensing and permitting the business of selling alcoholic and intoxicating liquors. |~1
 

 “Notice to Voters: If you favor permitting the sale of alcoholic and intoxicating liquors in Ward. Three, place a cross, in the square opposite number “1” above. If you are against the sale of intoxicating liquors in Ward Three, place a cross in the square opposite number
 
 “2”.”
 

 At the election, which was held on March 16, a majority voted against the issuance of licenses for the sale of intoxicating liquors. After the results of the election were promulgated, these plaintiffs, who alleged’that they were engaged in the business^of selling intoxicating liquors in ward 3 of Webster parish, brought this suit to set aside the election. They allege that the ordinance calling the election, the proclamation issued by the president of the police jury giving notice that the election would be held, the election itself, and the ordinance promulgating the results thereof were all illegal, null, and void, and pray for judgment so decreeing. The police jury answered, setting up
 
 *905
 
 that the entire proceeding was regular and in due form. There was'judgment rejecting plaintiffs’ demands and dismissing their suit, from which judgment they appealed.
 

 Plaintiffs in their petition urge many objections to the proceedings leading up to the election. But these seem to have been abandoned. The question before us is narrowed down to this: Did the proposition submitted to the voters meet the requirements of Act No. 17, First Extra Session of 1935, which was the Local Option Law under which the election was held?
 

 This act, which is the present Local Option Law, provides that parishes, wards, and municipalities of the state may determine by ballot: “Whether or not alcoholic or intoxicating liquors, as herein defined, shall be * * * sold * * * otherwise than when prescribed by a licensed physician as a medicine.”
 

 In section 1 it is provided that, if at an election held for that purpose, a majority of those voting determine that the business of manufacturing, selling, etc., of “alcoholic or intoxicating liquors as defined in Section 2 of this Act” shall not be licensed or permitted, then “such business shall not be therein licensed or permitted.”
 

 According to section 2 of the act, the words “alcoholic or intoxicating liquors,” as used in the act, shall be deemed and held to include:
 

 “(a) Beer, porter, ale, fruit juices, wine, or other alcoholic liquors, of an alcoholic content greater than one-half of one per centum of alcohol by volume, but not exceeding six per centum of alcohol by volume;
 

 “(b) Malt, vinous, spirituous, alcoholic, or intoxicating liquors containing more than six per centum of alcohol by volume.”
 

 Section 2 provides also: “That at any election held under the authority of this Act propositions in respect to the traffic in all such liquors defined in the above paragraphs (a) and (b) of this section, or in respect to either those defined in paragraph (a) or those defined in paragraph (b), may be submitted to the electors.”
 

 The police jury, as shown by the ordinance and the form of the ballot, submitted to the electors one question, which was whether they were for or against “licensing and permitting the business of selling alcoholic and intoxicating liquors”.
 

 Clearly, this proposition was broad enough in its terms to include, and did include, “alcoholic or intoxicating 'liquors” of every kind and description mentioned in section 2 of the act, whether under paragraph (a), as beer, porter, ale, fruit juices, or wine having an alcoholic content greater than one-half of 1 per cent, but not exceeding 6 per cent, of alcoholic content by volume, or under paragraph (b), as malt, vinous, spirituous, alcoholic, or intoxicating liquors containing more than 6 per cent, of alcohol by volume.
 

 Counsel for the police jury argues that the submission of such an all-inclusive proposition to the voters is authorized by the act, because it says that at any election held under the act the propositions in respect to traffic “in all such liquors defined in the
 
 *907
 
 above paragraphs (a) and (b)” may be submitted; that the term “all such liquors defined in the above paragraphs (a) and (b)” means and was intended to include “alcoholic or intoxicating liquors” of every character and description, which, expressed in other words, was the proposition submitted to the voters in this case.
 

 But counsel for plaintiffs contends that where a police jury or a municipal council intends to submit to the electors the question- whether or not “alcoholic or intoxicating liquors” as defined by the act, which definition includes all the different kinds of liquors included in paragraphs (a) and (b) of 'section 2 of the act, may be sold, it is necessary to submit such an all-inclusive proposition under two separate headings, just as they are set out in the act, to wit:
 

 “(a) Beer, porter, ale, fruit juices, wine, or other alcoholic liquors, of an alcoholic content greater than one-half of one per centum of alcohol by volume, but not exceeding six per centum of alcohol by volume;
 

 “(b) Malt, vinous, spirituous, alcoholic, or intoxicating liquors containing more than six per centum of alcohol by volume.”
 

 In other words, that the proposition submitted should be so stated as to give the voters opportunity of voting on each separately.
 

 It is our opinion that the proposition submitted to the voters in this case was within the meaning of the act. The voters were asked whether they favored the issuance of license for the sale of “alcoholic and intoxicating liquors.” “Alcoholic or intoxicating liquors,” as defined by the act, include all kinds of alcoholic beverages, both so-called “soft drinks” and “hard liquor.” The act says that the question whether trafile in “all such liquors defined” in the act may be submitted, and the general term “alcoholic and intoxicating liquors” means and includes every kind of liquor mentioned in the act,
 

 It is not suggested that the voters were deceived or misled by the ordinance or the form of the ballot submitted to them. The act prescribes no form of ballot. If the ordinance and ballot fairly apprised the electors of the nature and scope of the proposition submitted, and we think they did, these plaintiffs have no valid ground of complaint. Police Jury v. Descant, 105 La. 512, 29 So. 976; Kelly et al. v. Rapides Parish Police Jury, 184 La. 903, 168 So. 96; Drew v. Town of Zwolle, 185 La, 867, 171 So. 59.
 

 There is no municipality in ward 3 of Webster parish, and therefore the provisions of the second paragraph, section 4 of the said act, with reference to elections in municipalities, have no application here.
 

 Judgment is affirmed.
 

 HIGGINS, J., absent.