PROVOSTY, J.
In November, 1904, the police jury of the parish of Avoyelles caused :an election to be held throughout the parish to take the sense of the voters of the parish •on the question of whether the sale of intoxicating liquors should be licensed from .and after January 1, 1905; and the election resulted against the issuance of licenses.
On December 12, 1905, the town of Mansura, one of the towns of the parish, held a ■similar election for the town of Mansura, to take effect on and after January 1, 1906; :and the election resulted in favor of license.
Assuming that the town election had eman■cipated the town from the effect of the parish ■election, the town authorities were about to issue licenses -for the year 1906, when the police jury brought the present suit, enjoining ■them from doing so.
The sole matter presented is the interpretation of the amendment of 1902 to section 1211, Rev. St.; and the sole question is whether, as the result of that amendment, rthe effect of a parish election in favor of proihibition continues until another parish election is held, or whether a town of the parish may still, as formerly, emancipate itself from the effect of the parish election, after 12 months from the parish election, by holding an election of its own.
Originally section 1211 of the Revised Statutes (Act No. 126, p. 178, of 1855) read as follows:
“The police jury of the several parishes, the municipal authorities of the several towns and cities, and the board of aldermen and assistant aldermen, together with the mayor of the city of New Orleans, shall have the exclusive power to make such laws and such regulations for the sale or prohibition of intoxicating liquors as they may deem advisable, and to grant or withhold licenses from drinking houses and shops, within the limits of any city, ward of a parish or town, as the majority of the legal voters of any city, ward of a parish o-r town may determine by ballot, and the said ballot shall be taken whenever deemed necessary by the police juries of the several parishes, the municipal authorities of the several towns and cities, and the board of aldermen and assistant aldermen, together with the mayor, of the city of New Orleans: provided, that said election shall not be held more than once a year.”
As the law thus stood, the question of which, as between a parish election and a town election, should control within the town, was left undetermined. This uncertainty was found to be unsatisfactory, and an amendment was adopted in 1884 (Act 76, p. 98) by which the following proviso was added to section 1211:
“And provided further, that, whenever at an election held under this section, the majority of the votes cast in a ward, if only a ward election had been held, or the majority of the votes cast in a parish, if an election has been held for a whole parish, shall be against granting license for the sale of intoxicating liquors, said vote or decision shall govern and control the action of any ward, incorporated town or city within the limits of said ward or parish, as the case may be, as fully and completely as if said election had been held by authority of said town or city.”
The first proviso of section 1211, reading: “Provided, that said election shall not be held oftener than once a year” — led the towns to contend that they could, after one year from the parish election, emancipate *303 themselves from the effects thereof by holding an election of their own on the same question. That point was long disputed between the parishes and the towns, but was invariably decided in favor of the towns. Police Jury v. Mansura, 107 La. Ann. 201, 31 South. 650, and cases there cited.
The point was of vital importance to a parish desiring to maintain prohibition, because a town enjoying the privilege of selling liquors — especially if centrally located, as Mansura is — can radiate its sales of liquors throughout the parish, and thus nullify prohibition in the parish; and the temptation to vote itself that privilege is very strong, since the town would then enjoy a monopoly of the liquor traffic in the parish, the rest of the parish being under prohibition. The parishes that desired to maintain prohibition had, therefore, under the foregoing jurisprudence, to hold an election annually on the question of prohibition. The consequence was that a constant excitement was kept up on the question of prohibition, and the parish treasury was drained in election expenses, to the prejudice of all and the profit of none.
Against this evil there can, in our opinion, be no doubt the amendment of 1902 to section 1211 was aimed. It is in the shape of an addendum to the first proviso of the section, so that this proviso now reads, as follows:
“Provided, that said election shall not be held oftener than once a year, and when so held the effect of the said election shall continue in force until another election in the parish, ward of a parish, city, town or village, is held on the same question.”
The learned counsel for defendant would have it that the object of this amendment was to confirm the foregoing jurisprudence, by which after one year the effect of a parish election continued for the town only so long as the town had not voted in the contrary sense. But Legislatures are not in the habit of amending their statutes for the purpose of confirming the interpretation placed upon them by the courts. They do not put themselves to the trouble of an amendment that brings about no change. They have recourse to an amendment only when the interpretation adopted by the courts has brought about an unsatisfactory condition. The purpose always is to make a change for the better, or to apply a remedy.
While we must admit that, if the person, who wrote this amendment has succeeded in securing brevity, he has done so at the expense somewhat of clearness and precision, yet the meaning is plain enough, and it is that the effect of an election in any of the enumerated subdivisions continues until a vote to the contrary has been taken in the same subdivision, subject, always, to the paramount authority of the greater subdivision over the lesser, when favoring prohibition. No. other meaning is consistent with the expression “another election in the parish or town.” Another election in the parish cannot mean an election in the parish after one has been held in the town; and so another election in the town cannot mean an election in the town after one has been held in the parish. The expression “another election in the parish” carries with it by forced implication the idea that both elections are-held in the parish; and so “another election in the town” carries with it by forced implication the idea that both elections are held in the town. The idea is that in this-matter of license, or no license, the same authority which has made a regulation shall be required to change it; provided, always, that where the greater subdivision has favored prohibition its action shall bind the lesser.
When learned counsel invoke the letter of this amendment, they lose sight of the fact that, for supporting their contention, it would have to read “until an election in the town,” whereas it reads “until another election in the town” ; or they lose sight of the fact that an election theretofore held for the entire- *305 parish cannot with any propriety be said to be an election theretofore held in the town. True, the territory of the town is a part of the territory of the parish, and therefore an «lection held throughout the parish is also in a sense held in the town; but there can be no serious question but that by the expression “an election held in the town” is meant an election held by the town, and not an election held by the parish.
Learned counsel’s argument that under the letter of the amendment an election in the town arrests the effect of the election in the parish has the fatal defect of proving too much. It would prove that the town election arrests the effect of a parish election, not merely for the town, but for the entire parish. The letter of the amendment is that “the effect of said election shall continue until another election in the parish, ward, city, town, or village is held on the same question.” There are no words limiting to the town the arrestive influence of the town election. Therefore, if the effect of the parish election is arrested at all by the town election, it is, according to the letter of the text, arrested, not merely for the town, but for the entire parish; and no one would contend such a thing.
Counsel say that the interpretation, according to which the effect of an election in any subdivision can be done away with only by another election in the same subdivision, would put it in the power of the lesser subdivisions to control the greater by holding their election first. Counsel here assume that the holding of an election by a lesser subdivision would preclude the subsequent holding of an election by the greater; but there is nothing in the statute to justify such an assumption. Plainly under the terms of the statute, any action on the part of the lesser subdivision is at all times subject to the paramount right of the greater to proceed just as if the lesser had not acted, pretty much in the same way that state legislation is no obstacle to paramount federal legislation. The idea that one town or village of .a parish could, by holding an election, prevent the parish from holding an election until after 12 months, is manifestly inadmissible; and the idea that a town election should not be' controlled by a parish election in favor of prohibition is equally inadmissible, since the' express and explicit text of the statute is to-the contrary.
Lastly, defendant’s learned counsel contend that the same interpretation should be placed on section 1211 in this case as was placed upon it in the case of Evans v. Police Jury, 114 La. 772, 38 South. 555, namely, denying paramount authority to the parish over the town.
The ground of the decision in the Evans-Case was that the charter of the town of' Mansfield, there involved, was a special statute, which, as such, controlled section 1211 of the Revised Statutes — a general statute. No such question is presented here; and by express provision of section 1211 parochial action, when favoring prohibition, controls-municipal action.
Judgment affirmed.
BREAUX, O. J. I concur in the decree.