HIGGINS, Justice,
 

 The plaintiffs, alleging that in Ward No. 2 of Winn Parish they were engaged in the business of selling intoxicating liquors containing more than six per centum of alcohol by volume, prior to a parish-wide local option election held on June 6, 1939, instituted this suit to have the election and the result thereof, as promulgated, wherein Ward No. 2, as a part of the Parish, was declared to be “dry,” decreed null and void.. The defendant Police Jury filed exceptions of no right and no cause of action, which were' sustained, and the petition was dismissed. Petitioners have appealed.
 

 The plaintiffs allege that a petition, certified by the Registrar of Voters as having been signed by “more than 25% of the electorate of Winn parish,” was presented to and accepted by the Police Jury; that acting on the petition, that body passed a resolution on April 15, 1939, ordering a parish-wide election to be held on June 6, 1939 for the express purpose of voting “the parish either ‘wet’ or ‘dry’ in compliance with * * *” the resolution; that while the result of the election throughout the Parish was in favor of prohibition, the vote in Ward No. 2 was 134 for and 178. against prohibition, according to the official returns; that local option elections had been held in Wards Nos. 8 and 3 on December 31, 1935 and November 3, 1936, respectively; that when the Police Jury adopted the resolution of April 15, 1939, calling the parish-wide election, Wards Nos. 8 and 3 were, and had been for more than twelve months prior thereto, “dry” Wards, the voters therein having previously exercised the right to prohibit the sale of intoxicating liquors of alcoholic content of more than one-half of one per cent; and that the action of the Police Jury in calling the parish-wide election and in promulgating the returns is illegal, null, and void, for the following reasons:
 

 (1) That the petition presented to the Police Jury, although signed by more than the required number of voters, was not segregated into Wards, and was not signed by twenty-five per centum or more of the voters of Ward 2.
 

 (2) That the “unity of the Parish” has been broken because of the prior local option elections in Wards Nos. 3 and 8, respectively, and that, accordingly, the Parish, as a whole, could only be voted “dry” by elections in the remaining “wet” Wards, and that the two “dry” Wards should not be allowed to impose their will
 
 *1054
 
 on the electorate of the other eight Wards, and particularly on Ward No. 2.
 

 (3) That the election as to Ward No. 2, particularly, was illegal, null and void, because of the ultra vires action of the Police Jury in having incorporated in Section 2 of its resolution the proviso that “in the Wards which have already prohibited the sale or disposition of any such liquors by previous elections, the vote at this parish-wide election, if in favor of licensing or permitting the sale or disposition ■ of liquors, shall not affect the present status of such Wards.”
 

 We shall discuss the issues herein, in the above order:
 

 The parish-wide election and contest was petitioned for, ordered, and held under and in accordance with the provisions of Act No. 17 of the First Extra Session of the Legislature of 1935. We have been unable to find any provision in this statute or in any prior act, requiring, or even indirectly indicating, that the petition must be signed by at least twenty-five per centum of the voters of each of the respective Wards of the Parish, before the Police Jury would be legally required to order a parish-wide election on the question of prohibition. Section 4 of the statute provides that the election to determine whether or not the licensing of the business of the sale of liquor in any Parish shall be ordered by the governing authority thereof “only upon petition of twenty-five per centum (25%) of the duly qualified voters of such parish * * * to be certified by the Registrar of Voters.” The petition, unquestionably, meets this provision, which is all that the law requires.
 

 If the construction, which plaintiffs have placed upon the statute, were accepted, the smallest Ward in the Parish could forever prevent a parish-wide election, even though an election had been petitioned for by every qualified voter in all of the other Wards. This the lawmaking body never contemplated.
 

 The second issue is whether or not a ward election, held more than twelve months prior to the presentation of a petition asking for a parish-wide election, breaks the so-called “unity of the parish” so as to debar and preclude the holding of a parish-wide election until such time as a majority of the electors of such “dry” ward, voting at a subsequent ward election, determine that the ward shall become “wet”.
 

 There is nothing in the statute referring or pertaining to the “unity of the parish,” but counsel for the plaintiffs base their arguments upon the second paragraph of Section 4 of the act, which reads, in part, as follows: “If at any such election on the question of whether or not such liquors of an alcoholic content of more than one and one-half per centum and not exceeding six per centum by volume shall be sold a majority of the qualified electors of such municipality voting at such election shall, in either a parish-wide, ward or strictly municipal election, determine that the business voted upon may be conducted in such municipality, such business may be conducted there
 
 *1056
 
 in until a majority of the qualified electors of- such municipality voting at a subsequent election determine to the contrary * *
 

 It is to be noted that this provision applies only to the right of the voters in a municipality to determine whether liquors not in excess of six per centum of alcohol by volume shall, be sold, within the municipality, but no provision is made for a separate vote on such a question in or by each ward. The maxim “inclusio unius est exclusio alterius” is applicable in interpreting the above provision. The inclusion of the municipalities o'f a parish shows that the Legislature meant to exclude wards, which class of political subdivisions are . otherwise specifically referred to and •elsewhere invariably mentioned in the act.
 

 ; A reading of the second paragraph of Section 4 of the statute shows that it provides for the holding of a parish-wide election and, therefore, it is clear that the lawmakers intended that only ' municipalities could emancipate themselves from the effect of the result of a parish-wide election, and then, only to the extent of permitting the sale within the municipality of alcoholic beverages of an ' alcoholic content greater than one per centum and not exceeding six per centum of alcohol by volume.
 

 In the case of Police Jury of Avoyelles v. Town of Mansura, 119 La. 300, 44 So. 23, 24, this Court, in interpreting a statute similar to the present local option act, said :
 

 “While we must admit that, if the person who wrote this amendment has succeeded in securing brevity, he has done so at the expense somewhat of clearness and precision, yet the meaning is plain enough, and it is that the effect of an election in any of the enumerated subdivisions continues until a vote to the contrary has been taken in the same subdivision, subject; always, to the paramount authority of the greater subdivision over the lesser, when favoring prohibition. * * * The idea is that in this matter of license, or no license, the same authority which has made a regulation shall be required to change it; provided, always, that where the greater subdivision has favored prohibition its action shall bind the lesser.
 

 Sj« j(< jfc ‡
 

 “Counsel say that the interpretation, according to which the effect of an election in any subdivision can be done away with only by another election in the same subdivision, would put it in the power of the lesser subdivision to control the greater by holding their election first. Counsel here assume that the holding of an election by a lesser subdivision would preclude the subsequent holding of ah election by the greater; but there is nothing in the statute to justify such an assumption. Plainly under the terms of the statute, any action on the part of the lesser subdivision is at all times subject to the paramount right of the greater to proceed just as if the lesser had not acted pretty much in the same way5 that state legislation is no obstacle to paramount federal legislation. The idea that one town or village of a parish could, by holding an election, prevent the parish from holding an election until after 12 months,
 
 *1058
 
 is manifestly inadmissible; and the idea that a town election should not be controlled by parish election in favor of prohibition is equally inadmissible, since the express and explicit text of the statute is to the contrary.”
 

 In Hagens v. Police Jury of Caddo Parish, 121 La. 634, 46 So. 676, 678, local option elections had been held in six wards of the Parish, the results of which were in favor of prohibition. An election was later called and held throughout the parish, including the six “dry” wards. The plaintiffs, who were engaged in the liquor business, contended that the Police Jury, in such a parish-wide election, was without authority to have an election held in these “dry” wards until other elections were held in each of the wards that had already voted “dry”. In deciding the case, the Court said:
 

 “After repeated suits and the last act upon the subject of local option, the authority to call elections has expanded from what it was originally. The parishes can hold elections at the time authorized in all of the wards, although a number of these wards have already acted upon the subject. Police Jury v. Mansura, 119 La. 300, 44 So. 23.
 

 “The police jury arrived at the conclusion in this case that an election should be held in the whole parish. The ordinance was legal.
 

 “The police jury binds the lesser wards of the parish. The result as to the ward is not to be lightly interfered with; but, if an election is timely held throughout the parish, then the result binds the whole parish.
 

 “The police jury cannot be compelled to submit to the wish of one or two wards, if it in the exercise of its legitimate discretion, concludes that an election shall be held in the whole parish.”
 

 In the case of Lafitte v. Police Jury of DeSoto Parish, 183 La. 262, 163 So. 33, 34, the plaintiff brought suit to annul the result of an election held in accordance with Act No. 15 of 1934, and after first attacking the validity of the statute, pleaded, alternatively, that the parish contained five separate “dry” areas and that the voters residing in these areas, each being within five miles of a high school, constituted approximately seventy-five per centum of the total population of the parish, should not have been allowed to sign the petition or to vote in the election. In other words, that the local option election held throughout the parish, as a whole, was a nullity. In upholding the election, the court said: “We are not referred to any law, and not aware of any law, that forbids electors residing in prohibition territory to vote in a local option election held throughout a larger area embracing the prohibition territory. There is nothing unfair in allowing the electors residing in such prohibition territory to vote in such a local option election.”
 

 In Kelly v. Rapides Parish Police Jury, 184 La. 903, 168 So. 96, 97, the elections, held in two wards of the parish were assailed on the ground that the ordinances calling the elections merged the two wards into one local subdivision. The court said:
 

 
 *1060
 
 “We think this' attack and the argument in support of it are without merit. Of course, police juries have no authority to create special subdivisions of a parish by merging or combining wards. It is optional with police juries as to whether such elections be held for the entire parish or in one or more of the local subdivisions of the parish, but the local subdivisions mentioned by the’ act are the wards of the parish, and police juries are not authorized to create or recognize any others.
 

 ******
 

 “We do not concur in counsel’s view. Under the local option laws police juries may order and hold elections for the entire parish as a unit or for any one or more of the wards of the parish. If the election is parish-wide, the aggregate of the votes cast in all the wards for or against controls each of the wards regardless of the results in the various wards separately. * * * ”
 

 See also Drew v. Town of Zwolle, 185 La. 867, 171 So. 59, and State v. Bonner, 193 La. 387, 190 So.
 
 621-623.
 

 In the present case, the election was parish-wide and the mere fact that Wards Nos. 3 and 8 had held elections more than twelve months before the parish-wide local option election and had voted “dry” does not deprive the electors of the Parish from petitioning .the Police Jury for a parish-wide election on the question of prohibition nor does it prevent the Police Jury from passing a resolution calling the election when the requirements of the .statute are otherwise fulfilled.
 

 • Was the proviso appearing in Section 2 of the resolution of the Police Jury relative to the future status of Wards Nos. 3 and 8 ultra vires and, if so, does it strike the result of the election in the entire Parish as a nullity?
 

 Conceding that the proviso was ultra vires, a view most favorable to the plaintiffs, but, without deciding that point, we shall pass to a consideration of the legal effect which it had upon the election. The controversial clause was not included in the . petition of the electors requesting the Police Jury to call the parish-wide election.It was not referred to, nor did it, in any way, form a part of the printed ballots used in the election.
 

 In the case of Kelly v. Rapides Parish Police Jury, supra, this Court held that the ordinance of the Police Jury calling an election under Act No. 15 of 1934 “ * * * [was] not invalid merely because there was also submitted a proposition not authorized by law.” See also Corpus Juris, Vol. 43, page 550, and Cooley’s Municipal Corpns. (1914), page 257, Sec. 79.
 

 In the instant case, the controversial proviso was separable from the other parts of the resolution calling the election and, therefore, • the entire resolution cannot be said to be illegal, for it was the duty of the Police Jury to call the election under Act No. 17 of the First Extra Session of 1935, when a sufficient number of the electors petitioned that body for that pur-, pose.
 

 ' For the reasons assigned, the judgment ¿ppealed from is affirmed at the appellants’ cost.
 

 ODOM, J., absent.