233 So.2d 569 (1970)
Howard T. SMITH, Plaintiff-Appellant,
v.
CITY OF BATON ROUGE et al., Defendants-Appellees.
No. 7985.
Court of Appeal of Louisiana, First Circuit.
March 24, 1970.
Robert M. Day, Baton Rouge, for appellant.
Bobby L. Forrest, Charles H. Dameron, Joseph F. Keogh, Baton Rouge, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This is the second case contesting the constitutionality of Ordinances Nos. 2317 and 3095 pertaining to rezoning adopted by the Councils of the City of Baton Rouge *570 and the Parish of East Baton Rouge respectively. See our opinion of this date in Villa Del Rey Citizens Association v. City of Baton Rouge, et al, 233 So.2d 566.
Plaintiff, Howard T. Smith, filed the instant action on July 31, 1969 for a preliminary injunction to restrain the governmental officials from approving any plans and specifications relative to the tract of land covered by the contested ordinances and to restrain the owners and developers of the property from proceeding further with its development pursuant to the ordinances, which plaintiff declares to be unconstitutional.
The petition sets forth the following allegations which plaintiff contends render the ordinances unconstitutional. They are: that the requested changes are unnecessary because there has been no substantial change in the character of the area since the tract was originally zoned; that the rezoning would add to the congestion of the main traffic arteries in the area and create rather than prevent overcrowding of the land and an undue concentration of population; that the development as proposed would cause flooding conditions to the residents of Villa Del Rey and subdivisions to the south; that adequate sewerage facilities are not available; that school facilities are not available as the present ones are overcrowded; that the development would cause a diminution in property values in Villa Del Rey Subdivision which will constitute a taking of private property without compensation or due process of law; that the title of both ordinances are defective; that the public hearing on the ordinances held on May 28, 1969 by the combined Councils unreasonably limited the opportunity of persons to speak in opposition to the rezoning; that the final adoption of the ordinances on June 11, 1969 was based on promises made by the developers at a Planning Commission hearing on June 5, 1969 for the establishment of a four lane street traversing the property from north to south, the offering of sites for a park and a school, none of which conditions are binding upon the developers; that the larger area of that portion of the City of Baton Rouge and Parish of East Baton Rouge and particularly the surrounding subdivisions including Villa Del Rey are already adequately served by commercial establishments and facilities and that the public interest and welfare can in no way be served by additional commercial development; and there was no proof that some mistake had not been made in the original zoning of this property that would necessitate a rezoning to permit the developers to proceed as planned.
The property in question consists of 398 acres of land and is referred to as the Witter Tract. It is located at the northeast corner of the interchange at the Airline Highway and Florida Boulevard in the Parish of East Baton Rouge. The portion of the tract bordering these thoroughfares falls within the city limits of Baton Rouge and was originally zoned C-3 (commercial) and C-4 (highway commercial). The rear or northern portion of the property which parallels Choctaw Road was zoned M-2 (limited industrial). The greater part of the property, namely the interior thereof, and particularly the part which adjoins Villa Del Rey Subdivision was zoned A-1 (single family).
For rezoning purposes the Witter Tract was divided into five areas. The effect of the rezoning is to provide for the construction of 228 duplexes on 114 lots to be rezoned as A-3; 227 lots to be rezoned as C-2 for commercial purposes; 2,840 apartment units on 355 lots to be rezoned as A-4; 168 lots for industrial purposes to be rezoned as M-1; and, a large tract fronting on Florida Boulevard to be rezoned as C-3 for the construction of a shopping center.
Pursuant to plaintiff's petition a rule nisi was issued and the defendants were directed to show cause why a preliminary injunction should not be granted. The return date for the rule was August 11, *571 1969 at 9:30 A.M. o'clock with Honorable Fred A. Blanche, Jr. presiding. Before the production of any testimony, counsel for all parties moved the court to amend the pleadings to seek declaratory relief. The trial court permitted the amendment but held that the only issue before the court on that date was whether or not plaintiff was entitled to a preliminary injunction. The Court stated that declaratory relief was not available to the plaintiff on that hearing because plaintiff by amendment was asking for "ordinary relief" which was not permissible under the court's rules during the summer recess. With respect to the preliminary injunction, Judge Blanche ruled that the plaintiff had failed to show he would suffer irreparable injury and recalled and vacated the rule. With respect to the prayer for declaratory relief, Judge Blanche said the matter would have to be placed and take its regular turn on the trial docket.
On September 11, 1969 the attorneys of record for all parties by joint motion assigned the case by consent, offered all of the testimony, pleadings and exhibits filed during the hearing for the preliminary injunction, and submitted the matter to the court for adjudication. The matter was taken under advisement by the court and for written reasons assigned on October 7, 1969, the Honorable Donovan W. Parker filed written reasons declaring the ordinances constitutional and dismissing plaintiff's petition. Judgment was signed on October 16, 1969 from which plaintiff perfected this devolutive appeal.
Counsel for Villa Del Rey Citizens Association was given permission to file a brief as amicus curiae. In his brief and oral argument before us counsel urges that Howard T. Smith, plaintiff in the instant suit, is an interposed party for the defendants and as such is not a bona fide plaintiff but is merely seeking on behalf of the owners and developers to obtain an advisory opinion which is not permitted under our jurisprudence. Counsel further argues that if Smith was a sincere plaintiff he could have intervened in their suit. It appears to us that this same argument applies equally to the Association because they had an ample opportunity to intervene in this present action and to offer evidence in support of their contentions. For reasons best known to themselves the officers of the Association declined. We have examined the record as it presently stands before us and hold that it does not support the conclusion that the plaintiff is either a friendly one for the defendants or that no justiciable issue is presented in this matter. Further, in Perot v. Police Jury, 208 La. 1, 22 So.2d 666 (1945) our Supreme Court held that questions raised for the first time in brief of amicus curiae could not be considered where the questions were not raised in the pleadings of the parties themselves.
Like two of the plaintiffs in the Villa Del Rey Citizens Association suit, Smith is also a resident of the Villa Del Rey Subdivision. He has in his petition literally tracked the language in the Association suit. He then proceeded to call (by subpoena) ten witnesses who had either appeared at the Zoning Commission, Planning Commission or public hearing of the Councils in opposition to the proposed ordinances. These witnesses expressed themselves in very clear terms as to why they objected to the rezoning of the Witter Tract. Their testimony was offered in support of the aforementioned allegations of plaintiff's petition. Plaintiff then rested his case. Defendants produced evidence which clearly convinces us that the rezoning of the Witter Tract was well within the authority granted to the City and Parish Councils.
Plaintiff and the witnesses do not raise any objection as to the rezoning procedure followed by either the Zoning Commission, Planning Commission or the Councils with respect to notice, public hearing, etc. The gravamen of plaintiff's contention is that the rezoning of the property by the enactment of the ordinances was an unreasonable, arbitrary and discriminatory *572 and capricious action on the part of the Councils. The record does not support this conclusion.
Mr. Jules Roux, Supervisor of Research for the East Baton Rouge Parish School Board, testified that for the past twenty-one years it has been his responsibility to project facility needs, locate sites and co-ordinate the acquisition of property for the construction of additional schools to keep apace of changing requirements. The proposed plan of the developers was discussed with him and his approval was expressed to the Zoning Commission. He further stated that by the recent construction of additional schools in the vicinity, the once overcrowded condition at the Villa Del Rey School was alleviated and it is not now operating at full capacity.
Mr. Ray W. Burgess, Director of Public Works for the City-Parish testified that the development of the proposed tract would not create additional drainage problems and that adequate sewerage facilities are available.
Mr. Richard C. McEwen, Planning Director for the City-Parish Planning Commission, testified that the rezoning of the subject property was in accord with sound planning and development. He stated further that the proposed rezoning met with the approval of not only himself but his professional staff.
Mr. Kenneth E. Osterberger, as an elected member of the City-Parish Council, representing Ward One of East Baton Rouge Parish and as President Pro-Tempore of the City-Parish Council, presided over the council meeting of May 28, 1969 at which time a public hearing was had on the proposed zoning. He stated that because of the great community interest expressed by the opponents and others the time limit normally placed on such matters was extended and that to his knowledge everyone who desired to speak (who had something new to offer) was permitted to do so. Mr. Osterberger testified that he had been asked to and attended a meeting of the Villa Del Rey Citizens Association to obtain their views in assisting him to determine the manner in which he should vote. He stated that on May 28, 1969 at the public hearing several matters were raised about the plot plan and street layout. Because of this, action was not taken that night but the matter was referred to the Planning Commission for additional review and consideration. This was accomplished on June 5, 1969 and returned to the Council for action on June 11, 1969 at which time the ordinances passed by a combined vote of nine to one.
The City-Parish Clerk testified that the Council relaxed its own rules to allow considerably more time to the public hearing than it is normally able to do because of the time element.
Mr. Edward E. Evans, a consulting engineer, testified that he had been engaged by the developers to assist in the planning and development of the subject property. He had consulted with the appropriate governmental agencies in Baton Rouge in the development of the proposed plan particularly with reference to drainage, sewerage, traffic and schools and stated that in each of these, these matters were covered in the proposed development.
The opponents to the zoning appeared at a meeting of the Zoning Commission on April 21, 1969 and presented their objections to the proposed zoning. After considerable discussion and on the recommendation of the staff report, the Zoning Commission voted eight to one to recommend the change in zoning to the City-Parish Councils. As stated above on April 28 a public hearing was held by the Councils and the matter was referred to the Planning Commission for additional study. This was accomplished on June 5, 1969 and then returned to and approved by the Councils on June 11, 1969.
In addition to the above the record clearly reflects that the opponents to the proposed *573 planning personally contacted each and every member of the City-Parish Councils not only to express their opposition but to submit to them written reasons for their objections. Thus it cannot be said that this matter did not receive the full and adequate consideration by the members of the Councils. In their wisdom, however, the Councils differed.
In Meyers v. City of Baton Rouge, et al., 185 So.2d 278 (1st La.App., 1966) we reviewed a factual situation wherein substantially the same arguments were advanced there as here in attacking the validity of a rezoning ordinance. We stated then and we reiterate now that authority to enact zoning regulations is legislative in nature and the adoption of a rezoning ordinance is a legislative matter. Notwithstanding the legislative character of such an ordinance the court is not without authority to grant relief against a zoning law where such legislative action is found to be unreasonable, arbitrary, discriminatory or otherwise invalid. Whether or not a zoning ordinance is a proper and reasonable exercise of police power must be determined by the relation it bears to the public health, comfort, safety, morals or welfare. The real test to be applied in determining the validity of a zoning ordinance is whether or not the ordinance is in fact arbitrary, unreasonable and discriminatory in light of all attending circumstances. We have listed above the attending circumstances and can come to no other conclusion but that they do not support a finding that the City-Parish Councils in the exercise of their legislative authority acted in an unreasonable, arbitrary or discriminatory manner.
Accordingly, for the above and foregoing reasons the judgment of the district court denying injunctive relief to the plaintiff and declaring the subject ordinances to be constitutionally enacted and of full force and effect is hereby affirmed.
Affirmed.