CRAIN, Judge.
This matter involves a suit for a declaratory judgment filed by the Villa Del Rey Citizens Association against the City of Baton Rouge, the Parish of East Baton Rouge, Mayor President Woodrow W. Dumas, the City Council of the City of Baton Rouge, the East Baton Rouge Parish Council, the individual members of both councils, and the owners and developers of a certain tract of land commonly referred to as the “Witter” tract. Appellants sought a judgment in the lower Court declaring Ordinance No. 2317 adopted by the City Council of Baton Rouge and Ordinance No. 3095 adopted by the Parish Council, both effecting a change in the zoning of the aforesaid “Witter” tract, to be invalid.
This matter previously came before us on an exception of improper use of declaratory judgment and this Court remanded the case to the District Court for the reasons cited in that opinion. Villa Del Rey Citizens Association v. City of Baton Rouge, 233 So.2d 566 (La.App. 1st Cir., 1970).
The dispute centers around a 398 acre tract of undeveloped land referred to as the “Witter” tract situated at the intersection of Florida Boulevard and Airline Highway. The bulk of this tract of land was originally zoned A-l Residential with a small portion along the main thoroughfares on the boundaries of the tract zoned C-3 Commercial. The ordinances mentioned above rezoned the property into various different classifications including C-2 Commercial, A-3 Limited Residential, A-4 General Residential, and M-l Light Industrial.
Appellants contend that the rezoning both by the parish and the city was invalid. The reasons given for the alleged invalidity are identical to those raised in Smith v. City of Baton Rouge et al., 233 So.2d 569 (La.App. 1st Cir., 1970), except that a supplemental petition was filed herein asserting that:
“Part 10 of the comprehensive zoning ordinance of the City of Baton Rouge, and the Parish of East Baton Rouge is violative of the 14th Amendment to the United States Constitution.”
The record reveals that the transcript of the testimony in the Smith case was introduced into evidence in this case by stipulation. Some additional testimony was taken in the instant case with some of the same witnesses who testified in the Smith case testifying again in this case. Also, several additional witnesses not testifying in the Smith case were called in the instant case.
The trial Court held the amending ordinances to be valid basing its decision partly on the opinion of this Court in the Smith case, and on its evaluation of the evidence produced at the trial. We find no manifest error in the trial Court’s decision in this regard and adopting the reasons and conclusions expressed in our opinion in the Smith case, we feel that the trial court’s decision in the instant case is correct. The additional evidence presented simply does not justify a finding of arbitrariness and capriciousness on the part of City and Parish officials in adopting the amending ordinances, and such finding is necessary in order to render zoning ordinances invalid. Meyers v. City of Baton Rouge, 185 So.2d 278 (La.App. 1st Cir. 1966).
The trial court next decided that the contention made by appellants regarding the unconstitutionality of Part 10 of the Comprehensive Zoning Ordinances relating to amendments was equally unsupported. In its reasons for judgment, the trial court stated:
“As to the arguments forwarded by plaintiffs in their Supplemental and Amending Petition, the Court finds first, that the Comprehensive Zoning Ordinances of the City of Baton Rouge does contain objective standards and guidelines sufficient to inform the responsible public bodies and those applying for *576 (rezoning) as to their rights, privileges and powers under the ordinances, and second, that Part Two of the Comprehensive Zoning Ordinances relating to Amendments is not violative of the Fourteenth Amendment to the Constitution of the United States or of the Constitution of the State of Louisiana.
The reasons for the first finding is that the second paragraph of Chapter Three of the Comprehensive Zoning Ordinance, as recognized by the Court above and by plaintiffs themselves in paragraph ten (10) of their original petition, establishes the basis by which the objectives of zoning regulations are measured. Thus, concerned public bodies and persons applying for rezoning desiring to know their rights under the Zoning Ordinances, may simply test their position against the guidelines established in Chapter 3, and then argue their case on the public hearing of the matter. Moreover, the mandates of due process are satisfied, for as provided by Section 10.4 of the Zoning Ordinances, public notice must be given of the intention of the Councils to conduct a public hearing, and the public notice must be advertised according to law in the Morning Advocate, the official Journal of the Parish and City. Therefore, it can hardly be maintained that the granting or refusing rezoning requests is purely discretionary, since both proponents and opponents of a zoning measure must gauge their case by the same strictures of Chapter 3, and are afforded a public hearing for their arguments.
The reason for the second finding is that the Court is satisfied, in view of the foregoing, that the Comprehensive Zoning Ordinance sets forth sufficient guidelines and criteria to insure that all those similarly situated will be treated alike. The Court in this connection again notes that in view of the language contained in the second paragraph of Chapter 3 of the Comprehensive Zoning Ordinance any contention that the Councils might arbitrarily grant or deny a rezoning at their whim is simply not a tenable argument. In such, the Court is satisfied that the Comprehensive Zoning Ordinance is constitutionally sound whether tested by the commands of the Constitution of the United States, or by the mandates of the Constitution of the State of Louisiana.”
We find no error in the trial court’s decision in this matter. Accordingly, the decision of the trial court is affirmed, all costs to be paid by appellants.
Affirmed.