FORET, Judge.
This case was consolidated with Baker v. City of Merryville, 357 So.2d 18 (La.App. 3 Cir., 1978, our docket number 6343), and Pickens et a 1. v. Beauregard Parish Police Jury et al., 357 So.2d 18 (La.App. 3 Cir., 1978, our docket number 6344). The cases were consolidated at the trial level, and are consolidated at the appellate level. The facts and legal issues are substantially the same, and for this reason, our conclusions in this case will be dispositive of the other two consolidated cases.
The facts of the case are rather brief. The plaintiff-appellant held two licenses for the sale of certain alcoholic beverages in Beauregard Parish, one expiring June 30, 1977, and the other expiring December 31, 1977.
On August 2, 1976, the requisite number of qualified voters in Wards 2 and 3 of Beauregard Parish petitioned the police jury to call an election pursuant to Chapter 3, Title 26, Louisiana Revised Statutes, commonly referred to as a “local option election”. The petition requested that the police jury submit to the voters of Wards 2 *15 and 3, respectively, the four propositions recited in La.R.S. 26:587 and, 586.1. Such an election was called and held and the voters rejected the proposals. Pursuant to the election results, the City of DeRidder promulgated the ordinances prohibiting the activities enumerated in the election proposal.
Plaintiff alleges that the City of DeRid-der has enacted an ordinance prohibiting the “manufacturing, distributing, etc. and sale” of certain alcoholic beverages, which ordinance is invalid.
The rationale for the plaintiff’s position is that the City ordinance went beyond the mandate of the electorate by prohibiting more activities than the “sale” of certain alcoholic beverages which was the only activity in the proposition printed on the voting ballots utilized.
The trial court denied the injunction sought and gave written reasons therefor.
The trial court found the ordinances were valid because the form of the election petition as mandated by La.R.S. 26:583[1] had been followed, as were the propositions to be printed on the ballot as required by La.R.S. 26:586.1[2] and 26:587[3]. The court held the statutory forms to be mandatory *16 rather than illustrative. The local government, therefore, had no alternative but to submit the propositions as found in the statute. When the voters authorized the local authority to prohibit the business of selling a particular alcoholic beverage, said the court, they also authorized prohibition of the business of manufacturing, producing, etc. Thus, the delegation of authority from the legislature to the local government was consistent with the actions of the City in passing the ordinances which are herein challenged. Furthermore, said the • court, “business” as referred to in La.R.S. 26:595[4] relates to the composite business of producing, manufacturing, selling, etc. rather than the individual businesses of producing, manufacturing, selling, etc.
The issue herein is whether a local governing body which conducts a local option election prohibiting the sale of certain alcoholic beverages, in accordance with the mandates of the legislature, may subsequently adopt an ordinance which not only prohibits the sale of said alcoholic beverages, but also prohibits the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing, etc.
It is a well known rule of statutory construction that statutes in pari materia must be construed together. Thus, 26:581 et seq. must be analyzed together to determine the true intent of the legislature. The direct statutory authority given by the legislature for the local governing bodies to conduct local option elections is found in La.R.S. 26:582.[5] The first paragraph of this article states that upon the petition of the electorate as required, the governing authority shall order an election to be held to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages, shall be conducted and licensed therein. La.R.S. 26:583 gives the statutory form of the petition for the election. This petition refers only to the “sale” of certain beverages. R.S. 26:586.1 includes the language found in 26:582. La.R.S. 26:587 gives the statutory form of the propositions to be listed on the ballot for the election to be held. This article states only whether “the sale” of certain beverages shall be allowed. No reference is made to the “manufacturing, the producing, or distributing”, etc. of alcoholic beverages. R.S. 26:590 states that if the petition fails to substantially comply with the requirements provided in this chapter, the election is illegal and ineffective, and may be declared null and void by any court of competent jurisdiction. It is clear from reading 26:582, 26:583, and 26:586.1 together, that the election shall determine whether the “business of manufacturing, produc *17 ing,” etc. is to be allowed even though the ballot states only whether the “sale” of such beverages shall be allowed. Furthermore, reading 26:587 and 26:590 together, it seems clear that to avoid absurd results in statutory construction, one must conclude that the legislature would not intend to require the language as to the sale of certain beverages with the penalty of nullity if such language was not followed, and at the same time authorize the local governing authorities to hold elections to determine whether the business of manufacturing, producing, etc. would be allowed. R.S. 26:588 lends weight to this view in that it states that the “Prohibition of the sale of any or all alcoholic beverages by a local option election held pursuant to this chapter shall not operate as a prohibition of the manufacturing, producing, using, distributing, storing, or selling of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight. . . ” The pregnant negative of this statement is that the prohibition of the sale of all other alcoholic beverages by local option election does operate as a prohibition of the manufacturing, producing, using, distributing, etc. of those beverages.
The jurisprudence substantiates the above statutory analysis. In Wyatt v. Vernon Parish Police Jury, 341 So.2d 468 (La. App. 3 Cir. 1977), this Court, in speaking of the challenged local option election, stated:
“That is, a majority of the electors voted that the manufacturing or selling of alcoholic beverages would not be permitted in either of those wards.” (emphasis added.)
Thus, the court obviously believed that the election of the people to prohibit the sale of certain alcoholic beverages included a prohibition against manufacturing.
The same view is implicit in the Louisiana Supreme Court’s opinion in Nomey v. State, 315 So.2d 709 (La.1975). In discussing the mandatory effect of a local option election of the police jury, the Court stated at page 712:
“Necessarily, if the proposition to prohibit the sale of beverages containing 3.2% alcohol by weight and less was favorably voted upon in a parish-wide election, the trade, sale, and manufacture of that product in that parish would be prohibited by ordinance.” (emphasis added) See also Perot v. Police Jury, 208 La. 1, 22 So.2d 666 (1945).
The appellant’s contention that 26:595 refers to the businesses mentioned in 26:582 is without merit. R.S. 26:595, when it states, “ . . . that any or all of the businesses described . . . ”, is referring to the four categories of alcoholic beverages found in the ballot propositions, rather than solely to the language of R.S. 26:582. Thus, one business which may be prohibited is the “manufacturing, producing, . . . and selling” of “beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume”, which is the first proposition on the ballot, while a second business would be the “manufacturing, producing . . . and selling” of “beverages of high alcoholic content containing more than six percent alcohol by volume for consumption on the premises”, which is the third proposition; and so on.
Rather than require the lengthy language of R.S. 26:582 (“Manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages . . .”) to be printed on the petition and ballot forms, the legislature chose to substitute the simpler language found in R.S. 26:583 and 26:587 which states only, “Shall the sale . .’’be prohibited. The purpose of the election is adequately stated in R.S. 26:582. The clear intent of the legislature is to authorize ordinances such as the one in the instant case upon the election of the voters to prohibit the sale of certain beverages.
When the electors of a ward or incorporated municipality vote to prohibit the sale of certain alcoholic beverages, in accordance with R.S. 26:581, et seq., the local governing body is authorized by the legislature to prohibit all the activities designated in R.S. *18 26:582, when such activities are engaged in as a business.
For the above reasons, the judgment of the trial court denying the injunctive relief sought by plaintiff-appellant is affirmed.
Costs of this appeal are assessed against the plaintiff-appellants, to be shared equally among them.
AFFIRMED.

. § 583. Form of petition for election
Any qualified elector desiring a referendum election, shall sign a petition addressed to the governing authority of the subdivision in which he resides, and in substantially the following form:
PETITION
TO:
The undersigned qualified electors respectfully request that you call an election to submit, in the manner provided by law, to the qualified electors of the parish of _, or of Ward _of_Parish, or of the city, town or village of _, the following four propositions:
(1) Shall the sale of beverages of low alcoholic content containing more than three and two-tenths percent alcohol by weight and not more than six percent alcohol by volume be permitted?
(2) Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted?
(3) Shall the sale of beverages of high alcoholic content containing more than six percent alcohol by volume for consumption on the premises be permitted?
(4) Shall the sale- of beverages of high alcoholic content containing more than six percent alcohol by volume be permitted by package only and not for consumption on the premises? . . .

. § 586.1 Ordering of election by twenty-five percent of the registered voters living in a ward or municipality
A. In addition to the procedure for calling local option elections by petition of twenty-five percent of the qualified electors residing in any ward or incorporated municipality an election may be ordered to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight, shall be conducted and licensed therein. Notwithstanding the provisions of R.S.26:588, the ballot, in addition to the propositions contained in R.S. 26:587, shall contain the following proposition:
“Shall the sale of beverages containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted in . . . .
YES NO
B. This election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. No such election shall be held on a parish-wide basis or for any subdivision other than the ones above mentioned.
[[Image here]]

.§ 587. Ballot; majority determination of issues; separation of results
When such election has been ordered the following propositions, and no others shall be plainly printed upon a special ballot to be used for the election, otherwise the election shall be null and void:
1. Shall the sale of beverages of YES D low alcoholic content containing more than three and two-tenths percent alcohol by weight, and not more than six percent alcohol by volume, NO CH be permitted in .
2. Shall the sale of b'everages YES D containing more than one-half of one percent alcohol by volume but not more than three and two-tenths percent alcohol by weight be permitted in. NO □
3. Shall the sale of beverages of YES D high alcoholic content, containing
*16 more than six percent alcohol by volume for consumption on the premises be permitted in . NO □
4. Shall the sale of beverages of high alcoholic content, containing more than six percent alcohol by volume by the package only and not for consumption on the premises be permitted in . YES □ NO □
[[Image here]]

. § 595. Local prohibitory ordinances and penalties authorized
When the majority of qualified electors voting in an election held under the provisions of this Chapter determine that any or all of the businesses described shall not be licensed, the governing authority calling the election may provide for the prohibition by ordinance, and may provide penalties for the violation of the ordinances. The penalties shall not, however, exceed a fine of one hundred dollars or imprisonment for not more than thirty days, or both.

. § 582. Petition for election; parish-wide elections; separate elections; frequency limited
Upon petition of not less than twenty-five percent of the qualified electors residing in any parish, ward, or any incorporated municipality the governing authority shall order a referendum election to be held to determine whether or not the business of manufacturing, producing, rectifying, distilling, blending, using, storing, distributing and selling alcoholic beverages, shall be conducted and licensed therein.
In the case of such an election held on other than a parishwide basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward. In the case of an election called on a parishwide basis the result shall be binding on the entire parish.
No such election shall be held for the same subdivision oftener than once in every two years.