12 So.2d 810

**SHAW et al. v. POLICE JURY OF BEAUREGARD PARISH.**

No. 37002.

March 8, 1943.

Kay & Kay, of DeRidder, for plaintiffs and appellants.

Preston L. Savoy, Asst. Dist. Atty., of Lake Charles, for defendant and appellee.

O'NIELL, Chief Justice.

This is a suit to annul an ordinance of the police jury of the Parish of Beauregard prohibiting the sale of intoxicating liquor in the parish. The ordinance was adopted in consequence of a majority vote of the electors voting at a local-option election ordered by the police jury and held throughout the parish, in response to a petition of more than twenty-five per cent of the electors in the parish, under the provisions of Act No. 17 of the First Extra Session of 1935.

The plaintiffs are six electors and property taxpayers residing in the parish, and are engaged in the retail liquor business, five of them in the City of DeRidder and one in the Town of Merryville. DeRidder and Merryville are the only municipalities in the Parish of Beauregard.

The case was heard and submitted on a stipulation of facts; from which the judge decided that the election and ordinance were valid and effective to the extent of prohibiting the sale of any and all kinds of alcoholic or intoxicating liquor containing more than one-half of one per cent of alcohol by volume, in any part of the parish except in the City of DeRidder or in the Town of Merryville. But the judge decided that in DeRidder and Merryville the effect of the election and ordinance was merely to prohibit the sale of intoxicating liquors containing more than six per cent of alcohol by volume, and hence to permit the sale of liquors containing more than one-half of one per cent but not more than six per cent of alcohol by volume. The plaintiffs are appealing from the decision. The police jury, answering the appeal, prays for an amendment of the judgment so as to give the prohibition ordinance full effect inside as well as outside of the corporate limits of DeRidder and Merryville. The police jury therefore, in effect, prays for a rejection of the plaintiffs' demand.

At the time when the twenty-five per cent of the voters in the Parish of Beauregard petitioned the police jury to call the election the parish was thoroughly wet, so to speak; that is to say, there was no prohibition of the sale of alcoholic or intoxicating liquor of any kind in the parish, or in any ward, or in either of the two municipalities. The proposition stated in the petition to the police jury and submitted to the voters throughout the parish was this:

"Shall the business of * * * selling * * * intoxicating liquors, as defined in Section 2 of Act 17 of the First Extraordinary Session of the Legislature of Louisiana of the year 1935, otherwise than when prescribed by a licensed physician as a medicine, be licensed or permitted within the corporate limits of the Parish of Beauregard, Louisiana."

The plaintiffs set up three grounds for contending that the ordinance is null. Their first complaint is that the petition in which the police jury was requested to call the election was not signed and presented as one document, but was signed and presented as eighty-four separate documents or petitions. The eighty-four documents or petitions were alike, as far as the wording was concerned, which was in typewriting and which conformed with the statute; the only difference in the several documents was that they were signed of course by different petitioners—some of the petitions being signed by only a few and others by many voters. The statute does not in terms require that only one petition shall be signed by all of the twenty-five per cent or more of the voters·in the parish. The requirement is simply that a local-option election shall be called "only upon petition of twenty-five per centum (25%) of the duly qualified voters" et cetera. Section 4. Even if the wording of the statute required "a petition" we would doubt that the intention was to require the circulating and signing of only one petition. So long as the several copies of such a petition are substantially alike in their statement of the proposition to be submitted, and the total number of signers of all of them constitute one-fourth or more of the qualified voters of the parish, or ward or municipality, as the case may be, and are so certified by the registrar of voters, the requirements of the law in that respect are complied with. In this connection the plaintiffs complain also that the eighty-four documents or petitions—together with the registrar's certificate—were not fastened together by metal fasteners, or otherwise than by means of a rubber band around them. It· is not charged or intimated that the certificate of the registrar of voters was not true, or that the signers of the petition or petitions did not constitute as many as one-fourth of the qualified voters of the parish. In the absence of any such charge we must consider as being unimportant the complaint which pertains only to the form in which the petition of the voters and the certificate of the registrar of voters was presented to the police jury.

The second complaint of the plaintiffs is that, inasmuch as there are municipalities in the Parish of Beauregard, the police jury should have submitted to the voters two separate and alternative propositions, namely, (1) whether the sale of all liquors containing more than one-half of one per cent of alcohol by volume should be prohibited, or (2) whether the sale of only those alcoholic or intoxicating liquors containing more than six per cent of alcohol by· volume should be prohibited.

The term "alcoholic or intoxicating liquors", as used in the statute, is defined in section 2, and the liquors are classified there into two separate kinds or classes of.alcoholic or intoxicating liquors—thus:

"(a) Beer, porter, ale, fruit juices, wine, or other alcoholic liquors, of an· alcoholic content greater than one-half of one per centum of alcohol by volume, but not exceeding six per centum of alcohol by volume;

"(b) Malt, vinous, spiritous, alcoholic, or intoxicating liquors containing more than six per centum of alcohol by volume."

Immediately following this classification of alcoholic or intoxicating liquors, in section 2 of the statute, is this declaration:

"That at any election held under the authority of this Act propositions in respect to the traffic in all such liquors defined in the above paragraphs (a) and (b) of this section, or in respect to either those defined in paragraph (a) or those defined in paragraph (b), may be submitted to the electors."

But the statute does not contain any provision requiring or intimating that, if the proposition to be submitted to the electors of a parish, or ward, or municipality, in which there is no prohibition against the sale of any kind of intoxicating liquor, is to prohibit the sale of all liquors containing more than one-half of one per cent of alcohol by volume, there must be submitted at the same time the alternative proposition to prohibit only the sale of the strong kind of alcoholic or intoxicating liquors, defined in paragraph (b) as "liquors containing more than six per centum of alcohol by volume." It was decided in the case of Pennix v. Webster Parish Police Jury, 188 La. 902, 178 So. 390, where the proposition was to prohibit the sale in a given ward of any and all kinds of liquor containing more than one-half of one per cent of alcohol by volume, that it was not necessary to submit the two propositions alternatively, so as to give the voters an opportunity to

vote on each of the two classes of alcoholic liquor separately.

In the Pennix case it was said, in the closing paragraph of the opinion, that the provisions in the second paragraph of section 4 of the statute, having reference to voting in municipalities, had no application to the Pennix case because there was no municipality in the ward in which the election was held. But that statement had nothing to do with the complaint that only one proposition was submitted to the voters. The statement would be applicable only to the provisions in the second paragraph of section 4 for keeping a separate record of the votes polled in a municipality, in a parish-wide or ward election on the question whether liquors having an alcoholic content exceeding one-half of one per centum "and not exceeding six per centum by volume shall be sold". In such a case the statute requires either that separate ballot boxes shall be provided or that separate voting precincts shall be established for the voters residing in a municipality, and that separate poll books and separate tally sheets shall be kept of the votes cast in the municipality.

These provisions in the second paragraph of section 4 of the statute are the subject of the third and last complaint made by the plaintiffs in this case; that is, that there was no separate ballot box, or separate voting precinct, or separate poll book or tally sheet, provided for the voters in DeRidder or in Merryville, and hence there was no separate record made of the votes cast in either of these municipalities. These provisions in the law are

not applicable to this case because the question that was submitted to the voters throughout the parish was not whether the sale of liquors containing more than one-half of one per cent and not more than six per cent of alcohol by volume—the mild liquors defined as class (a) in section 2 of the act—should be permitted. The proposition submitted and voted upon throughout the parish was to prohibit the sale of any and all kinds of liquors containing more than one-half of one per cent of alcohol by volume. In fact it would be out of order in a thoroughly wet parish, or ward, or municipality, to submit to the voters in a local-option election a proposition to prohibit the sale only of the mild kind of alcoholic liquors—containing more than one-half of one per cent but not more than six per cent of alcohol by volume. No one would be so unreasonable as to vote to outlaw the mild drinks—containing not more than six per cent of alcohol by volume—and at the same time vote to legalize the sale of the stronger stuff—commonly called hard liquor. The only territory in which such a proposition would be an appropriate one to submit to the voters would be a bone-dry parish or ward or municipality, or one in which the milder class of alcoholic liquors are allowed to be sold. In a bone-dry territory it would be appropriate to propose to allow the sale of only the milder class of alcoholic liquors; and in a territory in which only such alcoholic liquors are allowed to be sold it would be appropriate to propose to prohibit the sale of them. But it would never be appropriate in a thoroughly wet territory—like the Parish of Beauregard or the City of DeRidder or the Town of Merryville—to outlaw only the mild class of alcoholic liquors—containing more than one-half of one per cent but not more than six per cent of alcohol by volume.

There is a clerical error, which appears twice, in the second paragraph of section 4 of the act, in that the term "one-half of one per centum" is written erroneously "one and one-half per centum." The error is so obvious that we must regard the phrase "one and one-half per centum" as if it were written correctly—"one half of one per centum". As we have pointed out, the declaration in this paragraph that, if a majority of the voters in a municipality voting in a parish-wide election, on the question whether the sale of liquors containing more than one-half of one per cent and not more than six per cent of alcohol by volume shall be permitted or prohibited, "determine that the business voted upon may be conducted in such municipality, such business may be conducted therein until a majority of the qualified electors of such municipality voting at a subsequent election determine to the contrary", is not applicable to this case.

The meaning of the second paragraph of section 4 of this act is made plain by a comparison with the first paragraph; where it is declared that, if a majority of the votes cast in a parish-wide election—or in a ward election if only a ward election is held—shall be against the sale of liquors containing more than six per cent of alcohol by volume, the result shall be

controlling in any ward or municipality in the parish, or in any municipality in the ward if only a ward ·election was held. That means that, if the proposition which was approved by a majority of the voters of the Parish of Beauregard in this instance had been to prohibit the sale only of liquors containing more than six per cent of alcohol by volume, the result would have been to forbid the City of DeRidder and the Town of Merryville to permit the sale of liquors containing more than six per cent of alcohol by volume, but would not have forbidden either of these municipalities to permit the sale of liquors containing more than one-half of one per cent and less than six per cent of alcohol by volume.

It is not disputed that the proposition that was submitted to the voters in this instance—and that was adopted by them—was to prohibit the sale of any and all kinds of liquor containing more than one-half of one per cent of alcohol by volume. The proposition might have been stated more plainly if it had referred merely to all liquors containing more than one-half of one per cent of alcohol by volume, without reference to a six-per-cent limit. But the plaintiffs do not charge that the proposition submitted to the voters was not plain enough, or that any voter might have inferred that he was voting to prohibit the sale only of liquor containing more than six per cent of alcohol by volume. In the Pennix case, to which we have referred, the proposition submitted to the voters was simply this: "For [or against] licensing and permitting the business of selling alcoholic and intoxicating liquors." And it was held that the proposition embraced all liquors containing more than one-half of one per cent of alcohol by volume. In disposing of the plaintiffs' complaint the court said: "The act says that the question whether traffic in 'all such liquors defined' in the act may be submitted, and the general term 'alcoholic and intoxicating liquors' means and includes every kind of liquor mentioned in the act." And the court added:

"It is not suggested that the voters were deceived or misled by the ordinance or the form of the ballot submitted to them. The act prescribes no form of ballot. If the ordinance and ballot fairly apprised the electors of the nature and scope of the proposition submitted, and we think they did, these plaintiffs have no valid ground of complaint."

■ The fact that there is a municipality in a parish or ward of which one-fourth of the voters have petitioned the police jury to call a parish-wide election, or a ward election, as the case may be, to vote upon the proposition to prohibit the sale of any and all kinds of liquors containing more than one-half of one per cent of alcohol by volume, does not compel the police jury to submit also the alternative proposition to prohibit the sale of only such alcoholic or intoxicating liquor as contains more than six per cent of alcohol by volume. And, when the proposition submitted to the voters of a parish or ward embracing a municipality is to prohibit the sale of any and all kinds of liq-

uors containing more than one-half of one per cent of alcohol by volume, there is no need or necessity for making a separate record of the votes cast within the municipality, and hence no necessity for having a separate voting precinct or separate ballot box or other separate paraphernalia for the voters residing in the municipality.

Our conclusion is that the ordinance in contest is valid and has the effect of prohibiting the sale of or traffic in any and all kinds of liquors containing more than one-half of one per cent of alcohol by volume in the Parish of Beauregard—inside as well as outside of the corporate limits of the City of DeRidder and the Town of Merryville.

The judgment appealed from is annulled and the demands of the plaintiffs are rejected and their suit is dismissed at their cost.

ODOM, J., takes no part.