25 So.2d 83

**STATE v. FULLER.**

No. 37982.

Dec. 10, 1945.

Rehearing Denied Feb. 11, 1946.

Kay & Kay, of De Ridder, for defendant and appellant.

Fred S. LeBlanc, Atty. Gen., and Griffin T. Hawkins, Dist. Atty., and Preston L. Savoy and Alan H. McLane, Asst. Dist. Attys., all of Lake Charles, for plaintiff and appellee.

ROGERS, Justice.

The defendant, Mrs. George R. Fuller, is appealing from her conviction and sentence for unlawfully selling intoxicating liquor, "whiskey," within the Parish of Beauregard in violation of an ordinance adopted by the police jury on November 30, 1942. Defendant's appeal is predicated on the alleged error of the trial judge in overruling her motions to quash, for a new trial, and in arrest of judgment. Defendant relies on three grounds of alleged nullity for quashing the indictment and all proceedings had thereunder.

The first ground of objection urged by defendant arises on her motion to quash the indictment for the reason that Act 17 of the First Extra Session of 1935, under the authority of which the ordinance of the police jury was adopted, is unconstitutional because the act is broader than its title and the title is not indicative of its object. We find no merit in defendant's contention.

The legislative act has only one general object and that is to provide for the holding of local option elections in parishes, wards or municipalities for the purpose of determining whether the traffic in alcoholic or intoxicating liquors in those political subdivisions shall be prohibited or be permitted under certain conditions. Nor do we find that the title of the act is not indicative of its object.

The essence of defendant's objection to the title seems to be that as the act defines the term, "alcoholic or intoxicating liquors," and explains its meaning as it is therein employed, the act includes matters not embraced in the title.

The title of the act provides for the exercise of local option elections in the parishes, wards and municipalities of the state to determine whether or not the traffic in alcoholic or intoxicating liquors as defined in the act shall be permitted or prohibited. The fact that the title of the act for brevity and to avoid repetition refers to the definition of alcoholic or intoxicating liquors as contained in the act instead of reiterating the definition does not violate the constitutional requirement that a law should have but one object and a title indicative of that object. The rule of law is that the title of a legislative act need not be a synopsis or index of its contents. It is sufficient if the title indicates the general purpose of the law without specifying each provision thereof. The title of Act 17 of the First Extra Session of 1935 makes express reference to the definition of alcoholic and intoxicating liquors as contained in the body of the act and in that respect fairly indicates and reasonably covers the object of the act.

■ The second ground of objection alternatively interposed by defendant is that if the local option statute is constitutional the local option election and the ordinance of the police jury are invalid for the reason that the kind of intoxicating liquors it was proposed to prohibit was not defined either in the proposition submitted to the voters or in the ordinance itself denouncing the business of selling or trafficking in such liquors. Defendant's contention can not be sustained.

As to the point that the proposition was not properly submitted to the voters, this is fully covered by the decision in Shaw v. Police Jury of Beauregard Parish, 202 La. 774, 12 So.2d 810, involving the identical local option election and ordinance that is involved in this case.

■ As to the point that the ordinance is invalid because it fails to define intoxicating liquors other than by reference to the definition of such liquors as contained in Section 2 of Act 17 of the First Extra Session of 1935, it is to be observed that it is the rule of law that where a municipal ordinance incorporates by reference a general statute, the statute in its entirety need not be set out in the ordinance. The rule is stated in 43 Corpus Juris, Municipal Corporations, § 821, page 520, as follows: "Where the Legislature has not prescribed any particular form for an ordinance, the municipal bodies may use any form of expression that suits them, provided it is sufficient to signify their will that the ordinance should exist and indicate the terms of it and the objects to which it applies. * * * In the adoption of one ordinance, a provision of another statute or ordinance may be adopted by reference and become part of such adopting statute or ordinance. Where a municipal ordinance incorporates a general statute by reference, the statute in its entirety need not be set out in the ordinance, * * *."

■ No particular form is prescribed by law for expressing an ordinance of a police jury. The ordinance under review was adopted by the Police Jury of the Parish of Beauregard as the result of the local option election called and held in the parish as required by law. The ordinance states with clearness that it prohibits the business of producing, manufacturing, rectifying, blending or handling, selling, using, distributing, storing or consuming alcoholic or intoxicating liquors as defined in section 2 of Act 17 of the First Extra Session of 1935, otherwise than is prescribed by a licensed physician as medicine, within the Parish of Beauregard. It makes the violation of its provisions an offense and prescribes a definite punishment for the offense. There is no objection to the ordinance because it incorporates the definition of alcoholic or intoxicating liquors by reference to the definition of such liquors as contained in Act 17 of the First Extra Session of 1935. The reference was proper and sufficiently definite. A mere examination of the statutory provision is all that is necessary to make clear the kind of alcoholic or intoxicating liquors covered by the terms of the ordinance. In drawing the ordinance the police jury used a form of expression which suit-

ed them and which was sufficient to signify their will that the ordinance should exist and to indicate its terms and the objects to which it applies.

The third and last ground of objection alternatively raised by defendant is that the local option election and ordinance are invalid for the reason that the proposition submitted to the voters was to regulate or prohibit the sale or traffic in alcoholic liquors of a lesser percentage than authorized by law and that the ordinance itself also purports to do the same thing. Defendant's proposition is untenable.

The same contentions were made and disposed of in the case of Shaw v. Police Jury of the Parish of Beauregard, 202 La. 774, 12 So.2d 810, 815, in which the ordinance involved in this case was also involved. In the closing paragraph of the opinion in the Shaw case, the conclusion of the Court is stated in these words: "Our conclusion is that the ordinance in contest is valid and has the effect of prohibiting the sale of or traffic in any and all kinds of liquors containing more than one-half of one per cent of alcohol by volume in the Parish of Beauregard—inside as well as outside of the corporate limits of the City of De-Ridder and the Town of Merryville." The decision in the Shaw case was approved and followed in the subsequent case of Perot v. Police Jury, 208 La. 1, 22 So.2d 666.

For the reasons assigned, the conviction and sentence appealed from are affirmed.