PONDER, Justice.
 

 The defendants were convicted under an indictment charging them with unlawfully prospecting for oil, gas and other minerals by means of a mechanical device or otherwise on the private lands and property of George B. Franklin, without the. consent of the owner, in violation of Act 212 of 1934. Each of the defendants were sentenced to pay a fine of $1,000 and cost and, in default of payment of the fine, that the defendants, except the Arkansas Fuel Oil
 
 *477
 
 Company, serve twelve months in the parish jail. The defendants have appealed from the conviction and sentence.
 

 The defendants seek to set aside the conviction and sentence on various grounds. The grounds relied on were properly raised in the lower court by bills of exceptions and motions. In order to avoid repetition, the issues will be 'discussed without referring to the manner in which they were raised because there is no dispute in that respect.
 

 It is contended that Act 212 of 1934 is violative of Section 16 of Article 3 of the Constitution in that its title is not indicative of its object and that it embraces more than one object.
 

 The title of the act reads as follows: “Making it a misdemeanor to prospect for oil, gas or other minerals, or for other purposes, on the public lands and highways of the State without its consent, or upon private property without the consent of the owner, and providing a penalty for the violation of this Act.”
 

 The only difference in the title and the body of the act is that it is provided in the body of the act that it shall be unlawful to prospect by means of torsion balance, seismograph explosions, any mechanical device, or otherwise, for oil, gas or other minerals, and provided that the consent of the State may be given by certain designated officials. The provisions in the act with reference to the means of prospecting are germane to the object expressed in the title. The title of an act does not have to be a synopsis or index of its contents. It is sufficient if the title indicates the general purpose of the law. State v. Fuller, 209 La. 523, 25 So.2d 83.
 

 The act has only one object. Its object is to prevent prospecting on lands without the consent of the owner.
 

 The defendants contend that the act is unconstitutional because it does not fix any standard of guilt and does not define the phrases “to prospect” and “mechanical devices”. They take the position that under the act it is left to the discretion of the judges, district attorneys and grand jurors to determine what constitutes the crime. They claim that this violates Section 10 of Article 1, Section 1 of Article 3 and Sections 1 and 2 of Article 2 of the Constitution.
 

 We have on numerous occasions pointed out that a statute should be construed according to the fair import of its words, taken in their usual sense in connection with the context. This method of construction was recently referred to in the case of State v. Truby et al., 211 La. 178, 29 So.2d 758.
 

 The word “prospect” has a well defined and a common accepted 'meaning. If we were to define that word by pointing out that it means “to explore, examine, search for, or make tests”, the words defining it would not have a more common or
 
 *479
 
 accepted meaning. The same may be said of “mechanical devices”. It would be folly for the Legislature to define words in an act that have a common accepted meaning. Prospecting for oil has been extensive in this State for number of years and it is generally known that mechanical devices are used for that purpose. The records of this Court, as well as the records of many other courts of this State, reflect that mechanical devices are generally used in making geological and geophysical surveys in the search of, or in prospecting for, oil or other minerals. The ordinary man has no difficulty in understanding what prospecting for oil with mechanical devices means, especially when these phrases are used in connection with the oil industry. It is not necessary to state any and every mechanical device that might be used in the discovery of minerals in the statute any more so than words used in denouncing other offenses, as “shop” under the old breaking and entering statute, “confidence game” under that statute, or “the various means, by which death may be caused” in the crime of murder. The offense of prospecting for oil, as denounced under this statute, is confined to mechanical operations, thus restricting its orbit and appraising the public of its nature and the means •through which it may be- committed. This, in our opinion, firmly establishes what constitutes. the offense and nothing is left to the discretion-of the judiciary to determine.
 

 Th'e defendants contend that the indictment does not ’charge an 'offense known to or denounced by any law of this State. They say that the indictment contains nothing but conclusions of law and that no facts are alleged as to any acts of the defendants showing a violation of the law. They take the position that the indictment violates Section 10 of Article 1 of the Constitution in that they were not informed of the nature and cause of the accusation. The defendants concede that an indictment, following the language of a statute or alleging an offense in words equivalent to those used in the statute or of the same import, is sufficient if it fully informs the accused of the offense charged and the court is enabled to determine on what statute the charge is founded. There is no dispute that the general rule does not apply when the words of a statute do not in themselves fully set forth all the elements and ingredients necessary to constitute the offense intended to be punished. They claim that the indictment does not allege the facts and circumstances upon which the offense is based and, under the exception to the general rule, it is not a valid indictment. Their counsel have cited many authorities which they claim support their position. We have examined these authorities and find that none are in point. They involve statutes where the crime is denounced in general language which requires the allegation of the essential facts. The indictment sets forth all the elements and ingredients necessary to constitute the offense and fully apprises the defendant’s
 
 *481
 
 of the nature and cause of the accusation. What could be more clear and free from uncertainty and ambiguity than “did unlawfully prospect for oil with a mechanical device" on the lands of a named person without his consent?
 

 The defendants contend that Act 212 of 1934 has been superseded or repealed by Act 77 of 1940. Their contention is based on the ground that the subsequent act impliedly repeals the former act.
 

 Act 212 of 1934 is designed to prevent prospecting on public and private property without the owner’s consent. Act 77 of 1940 has for its purpose the protection and preservation of minerals under lands owned by the State. It gives the Conservation Commissioner authority to grant permits for the conduction of geophysical and geological surveys, subject to the rules and regulations of the state mineral board. All of its provisions deal strictly with public lands and have no application to private owned lands. It is not necessary for the purpose of this decision for us to determine whether the subsequent act impliedly repeals the prior act insofar as public lands are concerned, for the reason that this case presents no such issue. However, insofar as private lands are concerned, there are no provisions in the subsequent act that are irreconcilable with the prior act. There is nothing in the subsequent act to indicate any intention on the part of the Legislature to repeal the prior act in respect to private lands. Repeals by implications are not favored and they must be based on a legislative intent to supersede the prior law or the provisions of the two acts must be irreconcilable. These rules of law are so well imbedded in the jurisprudence of this State that it is unnecessary to cite authorities supporting them.
 

 The defendants contend that the State produced no evidence whatever to the effect that the defendants prospected on the private lands of George B. Franklin. They concede that this Court cannot review the facts affecting their innocence or guilt and reverse the findings, of the lower court upon insufficiency of evidence of guilt but claim that there is no evidence on an essential element of the crime charged, viz.: showing they prospected on the private lands of George B. Franklin. The evidence shows that George B. Franklin owned a large tract of land traversed by many roads. Most of the roads running through this property were parish roads that had never been formally dedicated, but rights of way or servitudes were obtained by prescription. The defendants made tests on these roads with a gravity meter machine and the readings from this machine reflected information obtained not only from under the road beds but from the other lands of Franklin. It is not necessary for the purpose of this decision to determine whether tests made of the Franklin land from a point where a machine was located on another’s land is a violation of the act, because Franklin owned the road bed upon which the machine rested when the tests were made. The
 
 *483
 
 basis of the defendants’ contention is that public highways are not and cannot be private lands within the meaning of Act 212 of 1934 and Act
 
 77
 
 of 1940, even though an individual owns the soil and the mineral rights beneath the highways or rights of way. In other words, that prospecting on these road beds is not prospecting on private property.
 

 It is well recognized that the right to prospect by geophysical and geological surveys is a valuable right. This right belongs to the owner of the soil if it has not been disposed of. In the case of Goree v. Midstates Oil Corporation et al., 205 La. 988, 18 So.2d 591, it was held that a right of way obtained by prescription was nothing more than a servitude and did not divest the owner of the fee title to the road bed. The decision was based on the articles of the Civil Code dealing with servitudes. From a mere reading of the opinion in that case it is readily seen that the public’s right in the property is merely one of passage or a limited right of use. When the Legislature refers to roads and rights of way, in the acts relied on, as public property, it contemplated those where the State owned the fee title. This is clearly demonstrated in Act
 
 77
 
 of 1940 in Section 1(a) where public lands are defined as lands belonging to the State or the title to which is in the public, including rights of way, road beds, etc. The State could not lease these road beds or dispose of them. Franklin, the owner of the soil, alone,has this right. It is true that Franklin could not disturb the use of the rights of way, but the road beds could be developed for oil by directional drilling. If we were to construe the statutes, as contended for by the defendants, it would render them unconstitutional.
 

 The defendants contend that the conviction should be set aside insofar as the corporation is concerned.
 

 The corporation was charged in the indictment as being represented by H. C. Walker, Jr., as its executive officer and in charge of its operations. Walker was also charged in the indictment' individually. The district attorney dismissed the charge insofar as Walker was concerned prior to the trial. On the trial the evidence showed that the other defendants did the alleged prospecting for the corporation. No objection was urged to this evidence. After all the evidence had been adduced, counsel for the corporation urged the following complaint by way of special charge, viz.: that the corporation should be acquitted because the evidence failed to show that Walker was the executive officer in charge of the operations and failed to show that the corporation prospected on the lands, acting through Walker. The defendants have cited no authorities to support their contention and we know of no reason why the conviction should be set aside under the circumstances, because the charge was directed at the corporation and it was proven that the other defendants were acting for
 
 *485
 
 the corporation when they prospected on the lands. The answer to defendants’ request for a hill of particulars states that the other defendants made the survey for the corporation. No objection was made to the evidence that the other defendants did the prospecting for the corporation. Taking- these facts into consideration with the further fact that the charge had been dismissed in respect to Walker before the trial began, there could be no good reason to set the conviction of the corporation aside.
 

 For the reasons assigned, the convictions and sentences are affirmed at appellants’ cost.
 

 O’NIELL, C. J., absent.
 

 HAMITER, J., dissents and assigns written reasons.