HARDY, Judge.
This is a suit in which plaintiff company, engaged in the interstate transportation of natural gas, seeks to acquire, by expropriation, a right-of-way for the construction of a high-pressure gas line in, over and across a ten-acre tract of land owned by defendant. After trial there was judgment in favor of, plaintiff granting the right-of-way sought and awarding defendant the sum of $500 for the taking of the land and incidental damages thereto. From this judgment the defendant, who claimed the sum of $2,900, appealed to the Supreme Court, which, upon consideration, ordered the appeal transferred to this court, 63 So.2d 9.
The ten-acre tract of land here involved is located in Ouachita Parish, some six miles distant from the City of West Monroe, and is used by defendant as his home. The property is already crossed by two pipelines of plaintiff, for which the respective rights-of-way were voluntarily granted. By this action plaintiff asks for an additional fifty-foot right-of-way which would require the taking of .43 of an acre of plaintiff’s land. The two rights-of-way occupied by pipelines already constructed are non-contiguous. After the construction of the first line defendant built his home near the said line, which necessitated the construction o.f the second pipeline across property on the opposite side of defendant’s house. The line proposed to be constructed over the right-of-way here sought will not be' completely contiguous to the second line, and, as a resúlt of a slight deviation, a strip of land comprising slightly more than one-half an acre will lie between the second' and’ third rights-of-way.
It is established that plaintiff attempted to negotiate an agreement with defendant but the effort was ’ unavailing. Plaintiff offered defendant the sum of $120 for the property and incidental damages. Failing an amicable agreement plaintiff brought this suit under the provisions of Act No. 325 of 1948, LSA-R.S. 19:1 et seq.
Defendant has filed two pleadings in which the constitutionality of Act No. 325 of 1948 is attacked on several grounds hereinafter discussed. The pleas were referred to the merits and after trial were overruled for reasons set forth in an excellently reasoned written opinion of the district judge.
On the merits defendant urges that the taking of the right-of-way and the laying of the pipeline will substantially reduce or practically destroy the value of the entire ten-acre tract; will make it unfit for residential or other purposes; will increase the dangers and hazards of living on the property, and otherwise, in numerous specified particulars, burden and inconvenience defendant.
Although defendant has denied the right of plaintiff to the exercise of the power of eminent domain, we find such a contention is negatived by the established facts.
Proceeding first to a consideration of the attacks upon the constitutionality of Act 325 of 1948 defendant urges as grounds of the asserted unconstitutionality of the statute that:
“a. The body of the act is broader than the title, and the title of the act is not indicative of the intention of the; legislature to abolish juries in expropriation cases.
“b. The title of the act in nowise indicates the intention to include rights of servitude; nor to define the word ‘property’, and the body of the act is therefore broader than the title in this respect.
“c. The act is broader than the title in that it attempts to cut off the defense of the defendant without citation and notice of su.ch. intention being indicated in- the title.
“d. The act as a whole is not indicated by-the title.”
*416 Alternatively defendant prayed for trial by jury.
In a further exception, denominated as one of no right or cause of action, defendant reiterated the above attacks upon the act and additionally urged that the court was without jurisdiction because the case was triable by jury only, and finally contended that on trial plaintiff failed to establish any negotiation, in good faith as a condition precedent to the institution of this action.
The last enumerated ground of attack we find to be wholly unsubstantiated by the record.. Contrary to defendant’s contentions the good faith negotiation is adequately proved.
Proceeding to the constitutional questions involved we note the requirement of the provision of Article III, Section 16 of the Constitution which reads as follows:
“Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such obj ect.”
The title of Act 325 of 1948 reads as follows:
“An Act
“Regulating the method of acquiring property under the power of eminent domain, including the method of determining the value thereof and the procedure in expropriation cases.”
Examination of the body of the act discloses that it comprehends a definition of the term “property” as including both “corporeal property and also servitudes” (Section 1) ; that trial by jury is specifically abolished (Section 2); that the pro-, cedure with reference to the fixing of trial, giving of notice, service and other requisites are definitely provided (Sections 3, 4, 5, 6, 7).
We think it is clear that the provisions of the body of the act are .germane to the title which is fairly indicative of the one object, that is, the regulation of the method of acquisition of property under the power of eminent domain. A long line of authority in our state has effected the enunciation and reiteration of the principle that the sufficiency of the title of the act, measured in the light of the constitutional requirement, is . not dependent upon the inclusion in the title of a complete index or synopsis of the contents of the body of the act. Time after time the courts of this state have held that the function of the title of an act is to indicate the general purpose thereof. Comparatively recent pronouncements of this well-established rule of interpretation are found in State v. Evans, 214 La. 472, 38 So.2d 140, and State v. Fuller, 209 La. 523, 25 So.2d 83.
We think this principle in effect disposes of defendant’s contentions as above enumerated (a), (b), (c) and (d).
Counsel for defendant vigorously urges that the abolition of trial by jury and other procedural provisions of Act 325 of 1948 have the effect of depriving defendant of the guarantee of his substantive rights. We know of no authority, nor have we been cited to any, which would support the argument that the right of trial by jury in civil cases is constitutionally preserved. It is true that long reliance upon the provisions of Articles 2632 and 2633 of our LSA-Civil Code have accustomed us to the usage of the system of trials of expropriation cases before juries of freeholders. But, after all, these provisions for jury trials are purely and simply procedural in nature and cannot be considered as comprehending a recognition of any sacred constitutional right. As pointed out in the opinion of the district judge, reference to Section 37 of Article III of the Constitution of 1921 indicates that that instrument gives express authority for enactment by the legislature of such a statute as the act here in question.
We think defendant’s objections to the procedural requirements of the act are adequately disposed of by the observation that these provisions do not constitute the object and purpose of the law itself but rather they are simply th,e mechanical processes whereby the definite object, as expressed in the title, is to be effected.
On the merits we think it is unnecessary to .discuss in detail the somewhat voluminous and conflicting testimony of *417 numerous witnesses'with respect to values. The district judge found as- a fact that the item of timber damage was small, for which he fixed compensation in the amount of $100, and that an additional sum of $400 adequately represented the actual value of the land and such incidental damages as might be suffered by defendant. After thorough consideration we find nothing which would indicate manifest error in these findings, but rather we are in complete accord.
For the reasons assigned the judgment appealed from granting' a right-of-way and easement in favor of plaintiff, Tennessee Gas Transmission Company, over and across the property of defendant, James
Olen Williams, described as being:
“N% of Ni/2 of SWy4 of NE¡4, Section 25, Township IS North, Range 2 West, Ouachita Parish, Louisiana,”
together with all rights, terms and conditions therein set forth, is affirmed at appellant’s cost.
GLADNEY, J., recused.