BOLIN, Judge.
E. G. Posey and the Board of Tax Appeals of Louisiana appeal from a judgment of the district court reversing a ruling of the Board which had ordered the Collector of Revenue of Louisiana and the Town of Winnsboro to issue Posey a permit to sell beer within the municipality. The lower court assessed all costs against Posey.
Posey filed an application on August 18, 1966, to sell beer in the Town of Winns-boro, Louisiana, and a like application was filed with the Collector of Revenue of the State of Louisiana on August 19, 1966. Robert L. Campbell filed oppositions with the municipality and the State Collector of Revenue. Additional oppositions were filed with the Collector of Revenue by W. P. Lofton and others.
The Board of Tax Appeals conducted a hearing on August 31, 1966, and on September 27, 1966, rendered judgment in favor of Posey dismissing the petitions of opposition and ordering the state and local authorities to issue permits to Posey to sell beer in the Town of Winnsboro, Louisiana. All opponents except Campbell filed a petition in the district court seeking reversal of the judgment of the Board of Tax Appeals. Posey and the Board filed exceptions of improper jurisdiction and no cause or right of action contending opponents were not entitled to an appeal to the district court because they were not the parties “aggrieved” by the decision of the Board of Tax Appeals. The district court overruled both exceptions and after trial on the merits judgment was rendered in favor of opponents, Lofton, et al., reversing the judgment of the board and rejecting the application of Posey for a permit to sell beer.
Posey and the Board of Tax Appeals made application for writs to this court from the lower court’s refusal to grant them a suspensive appeal and also from the *766 lower court’s ruling on the exceptions which writs were denied. The case now •appears before us on a devolutive appeal from the judgment on the merits of the •district court.
An election was called by the Police Jury of Franklin Parish, Louisiana, to be held ■on February 2, 1937. At this election there ■was only one question submitted which was ■whether the voters were for or against:
“ * * * the producing, manufacturing, rectifying, blending or handling, selling, ■using, distributing, storing or consuming ■alcohol or intoxicating liquors as defined in paragraph (a) and (b), Section 2, Act 17 of the General Assembly of 1935 ■-* 4c * •»
No separate polling places nor paraphernalia were provided in order to accurately •calculate the results of the election within separate municipalities within the parish. The people voted against the proposition submitted thereby evidencing their desire to make illegal the sale of intoxicating liquors, both of low and high alcoholic content, within the confines of the parish. 'Subsequently the police jury met for the •purpose of canvassing the returns and making a proces verbal of the results and implementing the proces verbal by adopting a parish ordinance providing:
'“The selling * * * etc. of alcoholic •or intoxicating liquors as defined in ■paragraphs (a) and (b) of Section 2 of Act 17 of the Extra Session of 1935 is hereby prohibited.”
No subsequent local option election on "the question of the sale of intoxicating liquors has been held either parish-wide in Franklin Parish or in the Town of Winns-boro since the election referred to herein.
Appellants’ contentions on the merits are ■substantially as follows:
1. The proposition submitted to the voters in the parish-wide election was in effect two-fold, i. e., whether to prohibit or permit the sale of hard liquors. The Town of Winnsboro could, therefore, remain “wet” for the sale of beer even if the parish voted “dry”.
2. The Town of Winnsboro voted “wet” and therefore the district court was in error in overruling the decree of the Board of Tax Appeals in refusing Posey his permit to sell beer within the municipality.
The evidence submitted by appellants to prove the results of the voting within the municipality of Winnsboro was an affidavit by the Registrar of Voters of Franklin Parish that there were only three polling precincts where the voters of the municipality were permitted to vote, but that some of the voters in these precincts resided outside the Town of Winnsboro. Appellants presented evidence that the results of the election in these three precincts showed 361 people voted “wet” and 343 voted “dry”.
We are in full agreement with appellees’ contention that only one proposition was submitted to the voters in the parish-wide election, which was whether to prohibit or permit the sale of all kinds of liquor containing more than one-half of one percent of alcohol by volume. The proposition submitted almost literally tracks Section 2 of Act 17 of the Extra Session of the Louisiana Legislature of 1935. We can hardly conceive of any way the police jury could have made its intention any clearer than to submit the proposition of prohibiting the sale of liquors of both low and high alcoholic content, which is what is provided in Sections (a) and (b) of the cited statute.
The case of Shaw v. Police Jury of Beauregard Parish, 202 La. 774, 12 So.2d 810 (1943), in interpreting the same legislative act applicable to the instant case, squarely held the results of a parish-wide liquor election were binding on all municipalities within the parish even if it could be shown that the results in some of the *767 municipalities were to the contrary. On this question the court said:
“ * * * [t]he proposition submitted and voted upon throughout the parish was to prohibit the sale of any and all kinds of liquors containing more than one-half of one per cent of alcohol by volume.* * *
* * * * * *
“ * * * And, when the proposition submitted to the voters of a parish or ward embracing a municipality is to prohibit the sale of any and all kinds of liquors containing more than one-half of one per cent of alcohol by volume, there is no need nor necessity for making a separate record of the votes cast within the municipality, and hence no necessity for having a separate voting precinct or separate ballot box or other separate paraphernalia for the voters residing in the municipality.
“Our conclusion is that the ordinance in contest is valid and has the effect of prohibiting the sale of or traffic in any and all kinds of liquors containing more than one-half of one percent of alcohol by volume in the Parish of Beauregard — inside as well as outside of the corporate limits of the City of DeRidder and the Town of Merryville.”
* * * * * *
Having decided the Shaw case is controlling and that the results of the parish-wide election prohibited the sale of beer within the Town of Winnsboro, it is unnecessary for us to pass upon the question of whether a majority of the voters within the municipality did in fact vote “wet.”
Appellants, in their exceptions, contend that under Louisiana Revised Statute 26:302, since opponents were not the parties “aggrieved” by the ruling of the Board of Tax Appeals, they had no right to appeal the decision of the board to the district court. We find no merit in this contention. The law confers upon citizens the right to protest to the Board of Tax Appeals against the improper issuance of beer and liquor licenses and necessarily confers upon them the right of an appeal to the district court from an adverse decision of the board. Fields v. Re Bowe (La.App. 1 Cir., 1955) 84 So.2d 727; Pettit v. Penn (La.App. 2 Cir., 1965) 180 So.2d 66.
For the reasons assigned the judgment appealed from is affirmed at E. G. Posey’s cost.
Affirmed.