647 So.2d 533 (1994)
Janet JEANES, Plaintiff-Appellee,
v.
G.F.S. COMPANY, Defendant-Appellant.
No. 94-739.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Writ Denied February 17, 1995.
*534 Joseph H. Stephens, for Janet Jeanes.
Jennifer J. Bercier, for G.F.S. Co.
Before YELVERTON, THIBODEAUX and PETERS, JJ.
YELVERTON, Judge.
Janet Jeanes filed suit against G.F.S. Company for damages it caused when it conducted seismic operations without her permission on land she owned in Cameron Parish. Both parties filed motions for summary judgment on the issue of liability. The trial court granted Jeanes' motion finding G.F.S. liable to Jeanes for damages and denied G.F.S.'s motion. G.F.S. appealed. We affirm.
G.F.S. claims that it received permission for the operations from 80% of the co-owners of the mineral interests and therefore is not liable pursuant to La.R.S. 31:175. This statute permits co-owners owning at least an undivided eighty percent of a mineral servitude the right to conduct operations on the property subject to the servitude. Based on this statute it claims that summary judgment in favor of Jeanes was improper.
A party seeking summary judgment has the burden of showing a complete absence of a genuine issue of material fact. All doubts as to the absence will be decided in favor of a trial on the merits and no summary judgment will be granted. La.Code Civ.Proc. art. 966.
In support of her motion for summary judgment Jeanes submitted an affidavit by Joseph Stephens, an attorney for Jeanes who was familiar with the land involved. The affidavit set forth the ownership of the land involved in this dispute. The property involved is a 7,615 acre tract. This tract was owned by approximately 80 people or entities. Around 1977, Wetlands Corporation was formed and most of the owners transferred their surface interest in the property to this corporation in exchange for stock. No mineral interests were conveyed. In 1985 surface interests were reconveyed to certain shareholders, including Jeanes. The information contained in this affidavit was not disputed.
G.F.S. claims that by having the permission of Wetlands in addition to other holders of the mineral interests, it has procured consent of 80% of the mineral servitude owners pursuant to La.R.S. 31:175 and therefore it could conduct operations on the property. However, in reviewing the evidence in the record at the time of the summary judgment, it is clear that Wetlands did not own an interest in a mineral servitude on the land. It owned the land itself in indivision with *535 other parties. La.R.S. 31:175 does not apply to this case.
Moreover, what was being conducted on this land were seismic operations. Test holes were shot on December 6, 1991. La. R.S. 30:217 is applicable to this case: it provides that no person shall conduct geological surveys for oil, gas, or other minerals by means of a torsion balance, seismograph explosions, mechanical device, or any method whatsoever on any land without the consent of the owner.
Act No. 212 of 1934 (now embodied in this section) recognizes that the right to prospect by geophysical and geological surveys is a valuable right belonging to the owner of the soil if it has not been disposed of. State v. Evans, 214 La. 472, 38 So.2d 140 (1948). See also, Picou v. Fohs Oil Co., 222 La. 1068, 64 So.2d 434 (1953) and Layne Louisiana Co. v. Superior Oil Co., 209 La. 1014, 26 So.2d 20 (1946).
Based on La.R.S. 30:217 and these cases, G.F.S. for its operations needed the consent of the owner of the land irrespective of who owned the mineral rights. The evidence is clear that G.F.S. obtained permission of more than 80% of the landowners, since Wetlands is the owner of the land, but did not obtain permission from Jeanes.
La.Civ.Code art. 801 provides that the use and management of the thing held in indivision is determined by agreement of all the co-owners. Since G.F.S. used the land for its seismic exploration, it needed the consent of all the co-owners of the land. It failed to get the consent of Jeanes and is therefore liable to her.
For these reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.