AYRES, Judge.
Plaintiff applied to the Winn Parish Police Jury for a permit for the years 1968 and 1969 to sell at retail intoxicating beverages of an alcoholic content of not more than 6% by volume at a designated location in Ward Two of that parish. The permit not having been issued, plaintiff, through mandamus proceedings, seeks to compel its issuance. The defendant, police jury, excepted to plaintiff’s petition as disclosing no cause of action on the grounds (1) that the act sought to be performed is not a ministerial function, and, hence, that a proceeding by mandamus is improper, and (2) that it is unauthorized to issue the permit, or license, sought inasmuch as the sale of such liquors is prohibited not only in Ward Two but throughout the parish. The exception was sustained by the trial court on the basis of the second of these grounds, and, from a judgment dismissing his action, plaintiff appealed devolutively to this court.
A discussion of the first of defendant’s grounds may be pretermitted, as the question of primary concern is the matter of the legality of the sale of alcoholic beverages in Ward Two of Winn Parish, that is, whether such sales are legal or unlawful or whether that ward is “wet” or “dry.” This question is answered in plaintiff’s pleadings, amplified by a stipulation not found of record but the contents of which defendant’s counsel concedes are substantially shown in plaintiff-appellant’s brief. It is thus shown that pursuant to the provisions of Act No. 17 of the First Extraordinary Session of the Legislature of 1935 there was submitted to the voters of Winn Parish on June 8, 1939, the following proposition:
“Shall the business of producing, manufacturing, rectifying, blending, or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquor, as defined in paragraphs (a) and (b) of Section 2 of Act No. 17 of the 1st Extra Session of the Legislature of Louisiana for the year 1935, containing more than one-half (1/2) of one per centum of alcohol by volume, otherwise than when prescribed by a licensed physician and sold through a drugstore hold *60 ing a permit from the State of Louisiana, be permitted in the Parish of Winn?”
The result of the parish-wide election was against the licensing or selling, in the entire parish, of all alcoholic beverages containing more than one-half of one percent of alcohol by volume. The vote of Ward Two, however, did not follow that of the parish. The majority vote in the ward was in favor of the licensing of the sale of alcoholic beverages. The result of the vote of the entire parish was that the sale of intoxicating beverages exceeding one-half of one percent of alcohol by volume was prohibited throughout the parish. The vote of Ward Two was a mere incident to the result of the parish-wide vote. It had no significance whatever ward-wise.
As recently pointed out in Thigpen v. DeSoto Parish Police Jury, 222 So.2d 894, 898 (La.App., 2d Cir. 1969), after a detailed discussion of the provisions of Act No. 17 of the First Extraordinary Session of 1935, the statute pursuant to which the parish-wide election was held, “Nowhere in the act is a ward given the specific right to vote ‘wet’, either by a separate election or in conjunction with an election in a larger area.” The statute did, however, grant such a right to a municipality either in a separate election or in conjunction with a ward or parish election embracing its area.
We conclude, therefore, that the sale of beverages of the alcoholic content with which we are concerned here is prohibited in Ward Two of Winn Parish. In this situation, there was neither discretion nor authority in the police jury to issue a permit, or license, therefor.
Plaintiff nevertheless complains that his application for the license, or permit, was not acted upon by the police jury within a period of 35 days after the application was filed, as required by the statute (LSA-R.S. 26:283, subd. A), and that, as a result of such failure, the jury had no alternative but to issue the permit.
It would appear to have been better policy on the part of the jury to have formally acted upon plaintiff’s application and notified him of the results with reasons therefor. However, by its action or inaction, the police jury cannot alter the fact that the ward is “dry” and that the sale of intoxicating liquor therein is prohibited. The case of Di Giovanni v. Parish of Jefferson, 222 So.2d 590 (La.App., 4th Cir., 1969), involved an application for the renewal of a license, or permit, to sell intoxicating beverages in a locality where such sales were lawful. The pronouncements therein are not apposite to the situation here where the sale of intoxicating beverages is prohibited.
For the reasons assigned, the judgment sustaining the exception of no cause of action was proper and it is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.