HALL, Judge.
By this action brought against the Winn Parish Police Jury, plaintiff seeks a declaratory judgment declaring that liquors of alcoholic content not exceeding six per centum by volume can be sold in Ward Two of Winn Parish and that plaintiff is entitled to a license from the Winn Parish Police Jury to sell same by package only. The district court sustained a peremptory exception of no cause of action filed by defendant and dismissed plaintiff’s suit. Plaintiff perfected a devolutive appeal. We affirm the judgment of the district court.
The following pertinent facts are alleged in plaintiff's petition. Prior to June 8, 1939, Ward Two of Winn Parish was “wet”, that is, there was no prohibition to the sale of alcoholic beverages of any nature. On June 8, 1939, the following proposition was presented to the electorate of Winn Parish:
“Shall the business of producing, manufacturing, rectifying, blending, or handling, selling, using, distributing, storing or consuming of alcoholic or intoxicating liquor, as defined in paragraphs (a) and (b) of Section 2 of Act No. 17 of the First Extraordinary Session of the Legislature of Louisiana for the year of 1935, containing more than one-half Q4) of one percentum of alcohol by volume, otherwise than prescribed by a licensed physician and sold through a drugstore holding a permit through the State of Louisiana, be permitted in the Parish of Winn.”
The overall parish-wide vote was against the sale of alcholic or intoxicating liquor but the vote in Ward Two was in favor of the sale. At the same election, the voters of two municipalities, Winnfield and Dodson, were permitted to vote on a proposition for permitting the sale of liquors of an alcoholic content not exceeding six per centum of alcohol by volume and the voters of the two municipalities voted against the sale of such liquors. No local option elections have been held in Winn Parish since the 1939 election. Plaintiff desires to sell beverages of a low alcoholic content by package only in Ward Two of Winn Parish.
Plaintiff contends that the sale of alcoholic beverages containing not more than six per centum alcohol by volume should be permitted in Ward Two. The basis of his contention is that the first paragraph of Section 4 of Act 17 of the First Extraordinary Session of 1935, makes the parish-wide vote controlling over a ward within the limits of the parish only as to the sale of liquors of an alcoholic content in excess of six per centum by volume.
Defendant’s exception is based on the contention that the parish-wide vote controls, in spite of a contrary vote within the ward, as held by this court in Melton v. Winn Parish Police Jury, 228 So.2d 58 (La.App.2d Cir. 1969).
The Melton case is directly in point and is dispositive of the precise issue raised by plaintiff in the instant case. We adhere to the reasoning and result of the Melton case as being correct and sound.
In Melton, the plaintiff sought to compel the Winn Parish Police Jury to issue a permit for the sale of intoxicating beverages of an alcoholic content of not more than six per cent by volume at a designated location in Ward Two. This court held:
“The result of the parish-wide election was against the licensing or selling, in the entire parish, of all alcoholic beverages containing more than one-half of one percent of alcohol by volume. The vote of Ward Two, however, did not follow that of the parish. The majority vote in the ward was in favor of the licensing of the sale of alcoholic beverages. The result of the vote of the entire par *331 ish was that the sale of intoxicating beverages exceeding one-half of one percent of alcohol by volume was prohibited throughout the parish. The vote of Ward Two was a mere incident to the result of the parish-wide vote. It had no significance whatever ward-wise.
“As recently pointed out in Thigpen v. DeSoto Parish Police Jury, 222 So.2d 894, 898 (La.App., 2d Cir. 1969), after a detailed discussion of the provisions of Act No. 17 of the First Extraordinary Session of 1935, the statute pursuant to which the parish-wide election was held, ‘Nowhere in the act is a ward given the specific right to vote “wet”, either by a separate election or in conjunction with an election in a larger area.’ The statute did, however, grant such a right to a municipality either in a separate election or in conjunction with a ward or parish election embracing its area.
“We conclude, therefore, that the sale of beverages of the alcoholic content with which we are concerned here is prohibited in Ward Two of Winn Parish. In this situation, there was neither discretion nor authority in the police jury to issue a permit, or license, therefor.”
Plaintiff’s argument that the parish-wide vote controls only as to beverages exceeding six per centum of alcohol by volume is based on an out-of-context interpretation of the first paragraph of Section 4 of the Act under which the election was held. Reading both paragraphs of Section 4 in context with the entire statute makes it plain that it is the intent of the statute that the vote of the greater subdivision control over the vote of a lesser subdivision, except as to municipalities in the one specific exception set forth in the second paragraph of Section 4. The exception pertains to municipalities only — not wards.
In Frazier v. Police Jury of Winn Parish, 194 La. 1049, 195 So. 535 (1940), involving the same election, the court held:
“It is to be noted that this provision applies only to the right of the voters in a municipality to determine whether liquors not in excess of six per centum of alcohol by volume shall be sold within the municipality, but no provision is made for a separate vote on such a question in or by each ward. The maxim ‘inclusio unius est exclusio alterius’ is applicable in interpreting the above provision. The inclusion of the municipalities of a parish shows that the Legislature meant to exclude wards, which class of political subdivisions are otherwise specifically referred to and elsewhere invariably mentioned in the act.”
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.